Joan T. KLOTH

v.

CITIBANK (SOUTH DAKOTA), N.A.

No. CIV. 3:97CV358 AHN.

United States District Court,
D. Connecticut.

Sept. 22, 1998.

Joan T. Kloth, Ridgefield, CT, pro se.

Steven M. Greenspan, Christine Shaw, Day, Berry & Howard, Hartford, CT, for Citibank (South Dakota) N.A.

## RULING ON DEFENDANT'S MOTION TO DISMISS

FITZSIMMONS, United States Magistrate Judge.

Defendant moves to dismiss plaintiff's Amended Complaint dated August 26, 1997, alleging various state and federal causes of action arising out of defendant's efforts to collect a credit card debt. Plaintiff has filed this action *pro se*, and, as the Second Circuit directs, when considering the sufficiency of a *pro se* complaint, this Court "must construe it liberally, applying less stringent standards than when a plaintiff is represented by counsel." *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir.1983) [citing, *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (per curiam) ]; *Branham v. Meachum*, 77 F.3d 626, 628–29 (2d Cir.1996). For the reasons that follow, the Motion to Dismiss [Doc. # 28] is **GRANTED.**[1]

### STANDARD

When considering a Rule 12(b)(6) motion to dismiss, the court is required to accept as true all factual allegations in the complaint

---

1. Considered were defendant's Motion to Dismiss [Doc. # 28], memorandum in support [Doc. # 29], plaintiff's motion to deny dismissal [Doc. # 32], letter dated November 12, 1997 [Doc. # 33]; letter dated December 29, 1997 [Doc. # 34]; and plaintiff's addendum to Motion to Deny Dismissal. [Doc. # 37].

and draw inferences from these allegations in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Easton v. Sundram*, 947 F.2d 1011, 1014–15 (2d Cir. 1991), *cert. denied*, 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Frasier v. General Elec. Co.*, 930 F.2d 1004, 1007 (2d Cir.1991); *Still v. De-Buono*, 101 F.3d 888, 891 (2d Cir.1996). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." *United States v. Yale New Haven Hosp.*, 727 F.Supp. 784, 786 (D.Conn.1990) (citing *Scheuer*, 416 U.S. at 232, 94 S.Ct. 1683). In deciding such a motion, consideration is limited to the facts stated in the complaint or in documents attached thereto as exhibits or incorporated therein by reference. *See Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir.1991).

## BACKGROUND FACTS

Plaintiff filed a state court action on February 25, 1997, seeking one million dollars in damages for defendant's alleged violation of federal and state laws in collecting a credit card debt. The case was removed to federal court on March 3, 1997. [Doc. # 1]. Defendant filed a Motion for More Definite Statement on March 19, 1997. [Doc. # 5]. At a hearing on July 1, 1997, the Court granted defendant's motion without prejudice and ordered plaintiff to file an amended complaint on or before August 1, 1997. [Doc. # 19]. Plaintiff filed a Motion for Leave to File an Amended Complaint [Doc. # 23] on August 26, 1997. On September 12, 1997 during a telephone conference call, the Court ordered that any motions directed to the complaint be filed on or before October 17, 1997, with responses due on or before November 7, 1997. [Doc. # 27]. Defendant filed a Motion to Dismiss on October 24, 1997.[2]

## FACTS [3]

Citibank harassed plaintiff with collection agencies, "sometimes three at a time." [Doc. # 23 ¶ 1]. Plaintiff contacted defendant in writing and by telephone to explain "that the charges in question on the plaintiff's credit card where [sic] part of a negligence case against the merchant in New Jersey." *Id.* "[D]efendant repeatedly ignored plaintiff's requests to have the charges put on hold until the pending negligence case was resolved." *Id.* Defendant's "libelous behavior... made obtaining housing for the plaintiff and her daughter impossible" and "prevented her from obtaining additional credit assistance, loans and other such aid which uses credit reports as information bases." *Id.*

In Count Two, plaintiff alleges defendant discriminated against her "by being rude and hanging up on her because her hearing problems cause [her] to speak loudly and prevent her from having control of the volume level of her voice." *Id.* at ¶ 2. By hanging up on plaintiff, "defendant refused to listen or work with or even acknowledge plaintiff's concerns or complaints or issues." *Id.*

Finally, in Count Three, plaintiff claims that the "defendant's ...behavior both in harassing the plaintiff with collection agencies and discrimination prevent[ed] the plaintiff and her family from obtaining a roof over their heads for over a year, caused undo stress and emotional damages and violated her rights...." *Id.*

Plaintiff alleges that defendant: (1) libeled, slandered and defamed plaintiff by ruining her credit, pursuant to Conn. Gen.Stat. §§ 52–237 (damages in actions for libel), and 52–238 (damages in actions on penal bonds)[4]; (2) violated the Fair Debt Collection Practices Act; (3) violated the Fair Credit and

---

**2.** Defendant's Motion for Extension of Time dated October 17, 1997, seeking an additional ten days to file the motion to dismiss, was granted by the Court on October 21, 1997. [Doc. # 26].

**3.** For purposes of the motion, the following factual allegations are accepted as true.

**4.** The Court construes plaintiff's claim under "the United States Constitution Sec. 52–237,238" as brought under the Connecticut General Statutes, as there are no such sections in the United States Constitution.

Charge Card Disclosure Act; (4) violated her Equal Protection rights under the Fourteenth Amendment to the United States Constitution; (5) violated the Connecticut Constitution, Art. I, Sec. 20, Art. III, Sec. 15-1-6 and Art. XXI; (6) violated Conn. Gen.Stat. §§ 46a–56, 46a–66 (Discriminatory Credit Practices); (7) violated the Americans with Disabilities Act; (8) violated the Federal Equal Credit Opportunity Act; and (9) violated the Fair Housing Act.

 While a complaint must be liberally construed, *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir.1995), a *pro se* party's status does not relieve her of the burden of alleging sufficient facts on which a recognized legal claim could be based, *Riddle v. Mondragon,* 83 F.3d 1197, 1202 (10th Cir.1996). Bald assertions and conclusions of law will not suffice. *Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir.1996) (citations omitted).

*DISCUSSION*

A. *Fair Debt Collection Practices Act*

The FDCPA prohibits abusive debt collection practices by "debt collectors." Debt collectors include "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.A. § 1692a(6). Defendant argues that Citicorp, a creditor, is not subject to the Act.

 "Generally, the FDCPA does not apply to creditors." *See Young v. Citicorp Retail Services, Inc.,* No. CIV. 3:95CV1504, 1997 WL 280508, at *4 (D.Conn. May 19, 1997), *aff'd,* 159 F.3d 1349, 1998 WL 537530 (2d Cir. June 29, 1998); *Harrison v. NBD, Inc.,* 968 F.Supp. 837, 841 (E.D.N.Y.1997) (citing cases). "A creditor may nevertheless be subject to the Act if, in the process of collecting its own debts, it uses any name other than its own which would indicate that a third person is collecting or attempting to

collect such debts." *Id.* (citation omitted). Citibank contends, and the Court finds, that it is not a "debt collector" under the FDCPA as a matter of law.

 Citibank is not a "debt collector" under the FDCPA merely because it retains a collection agency to collect its debts. Nowhere in the Amended Complaint is it alleged that Citibank used "any name other than its own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). "Clearly, a creditor which retains a non-affiliated debt collector would not be subject to the FDPCA" *Harrison,* 968 F.Supp. at 843. The Amended Complaint does not impute liability to Citibank under the FDPCA by naming the three collection agencies that allegedly contacted plaintiff. "[N]or is this Court aware of any cases wherein a creditor that "approves" of a debt collector's practices is transformed into a "debt collector" under the FDCPA." *Id.*

Accordingly the motion to dismiss plaintiff's FDPCA claim is GRANTED as a matter of law.

1. *Fair Credit and Charge Card Disclosure Act*

 Section 1601(a) of the Fair Credit and Charge Card Disclosure Act[5] states in relevant part that, "[i]t is the purpose of this subchapter to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). Defendant argues, and the Court finds, that plaintiff "fails to allege any set of facts which would support a claim under the Fair Credit and Charge Card Disclosure Act." Plaintiff fails to cite any statutory provision under which she makes her claim. Accordingly, the motion to dismiss plaintiff's Fair Credit and Charge Card Dis-

---

5. Pub.L. 100–583, S 1, Nov. 3, 1988, 102 Stat. 2960, provided that: "This Act [amending sections 1610, 1632, 1637, 1640, and 1646 of this title and enacting provisions set out as a note

under section 1637 of this title] may be cited as the 'Fair Credit and Charge Card Disclosure Act of 1988'."

closure Act claim is GRANTED as a matter of law.

### 2. *United States and Connecticut Constitutional Claims*

The motion to dismiss is also granted to the extent that plaintiff brings any claims under the United States Constitution and Connecticut Constitution.[6]

A claim for relief under the United States Constitution for violation of a person's civil rights is properly brought pursuant to 42 U.S.C. § 1983. Under Section 1983 of the Civil Rights Act, the plaintiff must allege that a person acting under color of state law has deprived her of a constitutionally or federally protected right. *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 930, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *Washington v. James,* 782 F.2d 1134, 1138 (2d Cir. 1986). Section 1983 does not guarantee civil rights between private individuals; therefore, purely private conduct is not redressable under § 1983. *Shirley v. State National Bank of Connecticut,* 493 F.2d 739, 741 (2d Cir.), *cert. denied,* 419 U.S. 1009, 95 S.Ct. 329, 42 L.Ed.2d 284 (1974).

In order for a plaintiff to plead a cause of action against private parties under 42 U.S.C. § 1983, the plaintiff must allege facts showing that the private citizen acted in concert with a public official to commit an unconstitutional act. *Spear v. Town of West Hartford,* 954 F.2d 63, 68 (2d Cir.), *cert. denied,* 506 U.S. 819, 113 S.Ct. 66, 121 L.Ed.2d 33 (1992). For claims of conspiracy to have merit, the plaintiff must demonstrate that there was some type of agreement or "meeting of the minds" that violated her rights under the United States Constitution or federal law. *Malsh v. Austin,* 901 F.Supp. 757, 763 (S.D.N.Y.1995). Conclusory allegations of conspiracy are not enough to sustain such an action. *See Zemsky v. City of New York,* 821 F.2d 148, 151 (2d Cir.), *cert. denied,* 484 U.S. 965, 108 S.Ct. 456, 98 L.Ed.2d 396 (1987); *Dwares v. City of New York,* 985 F.2d 94, 99 (2d Cir.1993).

Ms. Kloth's complaint is devoid of any factual allegations which would support a claim under 42 U.S.C. § 1983. There are no allegations that Citibank was acting under color of state law. Moreover, there are no allegations to support a claim of conspiracy against plaintiff. The Amended Complaint and opposing memoranda of law merely recite various amendments to the United States Constitution. Because plaintiff alleges no facts upon which this Court could conclude that there was either a deprivation of a federally protected right, or someone acting, or someone conspiring with another to act, under color of state law, plaintiff's claims under the United States Constitution must fail.

Nor can the plaintiff assert a claim under the Connecticut Constitution without a showing of state action. *Urashka v. Griffin Hospital,* 841 F.Supp. 468, 473 (D.Conn. 1994); *Cologne v. Westfarms Associates,* 192 Conn. 48, 66, 469 A.2d 1201 (1984) (rejecting claim that sections 4 and 14 of Article First of the Connecticut Constitution apply to privately owned shopping mall).

Thus, the motion to dismiss all claims arising under the United States and Connecticut Constitutions is GRANTED as a matter of law.

### 3. *Libel, Slander and Defamation*

Plaintiff alleges that, despite her multiple requests to Citibank to put her charges "on hold" until a negligence case was resolved, Citibank failed to do so. Plaintiff alleges that "Citibank with forethought and malice and total disregard for [her] rights and the laws, slandered and defamed the plaintiff by ruining [her] credit." It appears undisputed from the Amended Complaint that plaintiff did not pay the credit card balance due and owing Citibank. Rather, she brings this action against Citibank for alleged unlawful collection practices.

"Defamation is made up of the twin torts of libel and slander—the one being, in general, written while the other in general is oral." Prosser and Keeton, The Law of Torts § 111, p. 771 (5th ed. 1984 &

---

6. *See* Amended Compl. at 1–3.

Supp.1988); *see also Charles Parker Co. v. Silver City Crystal Co.*, 142 Conn. 605, 611–12, 116 A.2d 440 (1955). "To find that the defendants were liable for defamation … the [court is] required to find that the defendants published false statements that harmed the plaintiff, and that the defendants were not privileged to do so." *Torosyan v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 234 Conn. 1, 27, 662 A.2d 89 (1995).

▇ "Although the Second Circuit does not require in haec verba pleading, i.e., of the exact alleged defamatory words, Fed. R.Civ.P. 8 requires that the complaint 'afford defendant sufficient notice of the communications complained of to enable him to defend himself'" *Abrahams v. Young & Rubicam*, 979 F.Supp. 122, (D.Conn.1997) (quoting *Kelly v. Schmidberger*, 806 F.2d 44, 46 (2d Cir. 1986)). "A complaint is insufficient to withstand dismissal for failure to state a cause of action where, other than the bare allegation that the defendant's actions caused injury to plaintiff's reputation, the complaint sets forth no facts of any kind indicating what defamatory statements, if any, were made, when they were made, or to whom they might have been made." *2500 SS Limited Partnership v. White*, No. 328934, 1996 WL 493188 (Conn.Super.Ct. Aug.19, 1996) (quoting 50 Am.Jur.2d, Libel and Slander, § 434); *see Bramesco v. Drug Computer Consultants*, 834 F.Supp. 120, 122 (S.D.N.Y.1993) (same); *accord Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 762 (2d Cir.1990) (*pro se* complaint alleging defamation was insufficient because plaintiff failed to "plead adequately the actual words spoken, publication or special damages"), *cert. denied*, 499 U.S. 943, 111 S.Ct. 1404, 113 L.Ed.2d 459 (1991); *Wanamaker v. Columbian Rope Co.*, 713 F.Supp. 533, 545 (N.D.N.Y.1989) (dismissing defamation claim because plaintiff failed to specify who made the statements, when they were made and in what context, whether they were made to a third party and whether they were written or oral), *aff'd*, 108 F.3d 462 (2d Cir.1997).

▇ The Amended Complaint fails to meet these minimal pleading requirements. Accordingly, the motion to dismiss is GRANTED as to the claims for libel, slander, defamation and violation of Conn. Gen. Stat. § 52–237 (damages in actions for libel). However, plaintiff may file a motion for leave to amend within ten (10) days attaching a Second Amended Complaint which cures the pleading deficiencies identified in this section. Conn. Gen.Stat. § 52–238 (damages in actions on penal bonds) is inapplicable to this action and plaintiff's claim citing it is, accordingly, dismissed as a matter of law.

### 4. *Discriminatory Credit Practices*

▇ Plaintiff alleges that defendant discriminated against her on the basis of her hearing impairment "by being rude and hanging up the phone on her" and "refus[ing] to listen to or work with or even acknowledge the plaintiff's concerns or complaints or issues" in violation of Connecticut General Statute §§ 46a–65, 46a–66.[7] Section 46a–66(a) prohibits a creditor from discriminating on the basis of a physical disability "in any credit transaction." Conn. Gen.Stat. § 46a–66(a). "Credit transaction" is defined as "any invitation to apply for credit, application for credit, extension of credit or credit sale." Conn. Gen.Stat. § 46a–65(7). Plaintiff does not make any allegation that Citibank discriminated against her in "apply[ing] for credit, application for credit, extension of credit or credit sale." Conn. Gen.Stat. § 46a–65(7). Accordingly, the motion to dismiss the claim of discriminatory credit practices under Conn. Gen.Stat. §§ 46a–65, 46a–66 is GRANTED as a matter of law.

### 5. *Americans with Disabilities Act*

The Americans with Disabilities Act ("ADA") is inapplicable to the facts of this case. The purpose of the ADA is to prohibit

---

7. Conn. Gen.Stat. § 46a–6(a) entitled "Discriminatory credit practices prohibited" states in relevant part
　　(a) It shall be a discriminatory practice in violation of this section for any creditor to discriminate on the basis of sex, age, race, color, religious creed, national origin, ancestry, marital status, mental retardation, learning disability, blindness or physical disability against any person eighteen years of age or over in any *credit transaction.*
　　(emphasis added).

discrimination "against a qualified individual with a disability... in the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Accordingly, the motion to dismiss plaintiff's ADA claim is GRANTED as a matter of law.

### 6. *Equal Credit Opportunity Act*

The Equal Credit Opportunity Act (ECOA) is also inapplicable to the facts of this case. 15 U.S.C. § 1691 *et seq.* The Act makes it unlawful "for a creditor to discriminate against any applicant, with respect to any aspect of a credit transaction on the basis of race, color, religion, national origin, sex or marital status, or age...." 15 U.S.C. § 1691(a)(1). "The term "applicant" means any person who applies to a creditor directly for an extension, renewal or continuation of credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit." 15 U.S.C. § 1691a(b). Even assuming that plaintiff's contacts with defendant can be construed as requests to extend the time to pay her credit card debt, plaintiff fails to allege how she has been discriminated against by defendant on the "basis of race, color, religion, national origin, sex or marital status, or age" to come within the purview of this act. Accordingly, the motion to dismiss plaintiff's ECOA claim is GRANTED as a matter of law.

### 7. *Fair Housing Act*

Finally, plaintiff's claim that defendant violated the Fair Housing Act, 42 U.S.C. § 3601 *et seq.,* is dismissed because this statute is inapplicable to the facts of this case. Plaintiff alleges that defendant's harassment "with collection agencies and discrimination prevent[ed] the plaintiff and her family from obtaining a roof over their heads for over a year ...." The policy of the Fair Housing Act is "to provide, within constitutional limitations, for fair housing throughout the United States." 42 U.S.C. § 3601. It is unlawful under the Act "to refuse to sell or rent ... or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). The Court has reviewed the other statutory provisions defining "prohibited practices" and finds them all inapplicable to defendant. Thus, the motion to dismiss plaintiff's Fair Housing Act claim is GRANTED as a matter of law.

*CONCLUSION*

For the reasons stated, defendant's Motion to Dismiss [**Doc. # 28**] is **GRANTED** in accordance with this ruling.

Any objections to this recommended ruling must be filed with the Clerk of the Court within ten (10) days of the receipt of this order. Failure to object within ten (10) days may preclude appellate review. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 2 of the Local Rules for United States Magistrates; *Small v. Secretary of H.H.S.,* 892 F.2d 15 (2d Cir.1989) (per curiam); *F.D.I.C. v. Hillcrest Assoc.,* 66 F.3d 566, 569 (2d Cir.1995).