**Elane BLEICH, Plaintiff,**

v.

**The REVENUE MAXIMIZATION GROUP, INC. and Nassau Health Care Corporation, Defendants.**

**No. CIV.01–5168.**

United States District Court, E.D. New York.

Jan. 10, 2002.

Katz & Kleinman by Lawrence Katz, Esq., Uniondale, NY, for Plaintiff.

Ahmuty, Demers & McManus by Joseph M. O'Connor, Esq., Albertson, NY, for Defendant The Revenue Maximization Group, Inc.

Parisi & Smitelli by Gregg H. Grossman, Esq., Rockville Centre, NY, for Defendant Nassau Health Care Corporation.

*MEMORANDUM AND ORDER*

WEXLER, District Judge.

This is an action commenced by Plaintiff Elane Bleich ("Plaintiff" or "Bleich") pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). The complaint named as defendants The Revenue Maximization Group, Inc., a collection agency that sent a debt collection letter to

Plaintiff ("Revenue") and Nassau Health Care Corporation, the entity to which the debt was originally owed ("Nassau" or the "Hospital"). A prior opinion of this court granted summary judgment to Revenue. Presently before the court is the motion for summary judgment of the Hospital, the only remaining defendant. For the reasons set forth below, the Hospital's motion for summary judgment is granted.

## BACKGROUND

### I. *Factual Background*

The undisputed facts of this case have been recited in the earlier opinion of this court and will be only briefly set forth herein. On January 8, 2001, Plaintiff was administered a flu shot for which she paid to the Hospital a $25 fee. Despite the fact that Plaintiff paid the $25, her account was never credited and, despite Plaintiff's attempts, the Hospital continually took the position that the debt remained due and outstanding. Ultimately, the Hospital referred the $25 debt to Revenue to pursue collection. Shortly after Revenue commenced its collection effort, this action was filed.

### II. *The Allegations of the Complaint and the Grant of Summary Judgment to Revenue*

It was Plaintiff's contention that the collection letter sent by Revenue violated the FDCPA because it alleged that the debt was due and owing when, in fact, it had been paid in full. Revenue moved for summary judgment arguing that the false statement relied upon was insufficient to support an FDCPA cause of action. In support of its motion, Revenue argued that the FDCPA contains a specific mechanism for challenging the validity of a debt that is the subject of a collection letter. The presence of this specific statutory procedure was argued to negate the right to state an FDCPA cause of action based only upon the alleged invalidity of a debt.

This court agreed with Revenue and granted its motion for summary judgment. Specifically, the court held that where a debt collector has included appropriate language regarding the FDCPA debt validation procedure, the allegation that the debt is invalid, standing alone, cannot form the basis of a lawsuit alleging fraudulent or deceptive practices in connection with the collection of a debt.

### III. *The Hospital's Motion*

In the opinion granting summary judgment to Revenue that court noted that while the Hospital had expressed an interest in moving for summary judgment, it had not yet interposed such a motion and remained a defendant in this lawsuit. The anticipated motion for summary judgment is now properly before the court. In support of its motion, the Hospital argues: (1) that it cannot be vicariously liable for the acts of Revenue and (2) that it is not a "bill collector" within the meaning of the FDCPA and therefore can have no liability under the statute. The court turns now to the merits of the motion.

### IV. *Disposition of the Motion*

#### A. *Vicarious Liability*

■ In light of Revenue's dismissal and this court's holding that Revenue has no liability under the FDCPA, the Hospital cannot be held liable on a theory of vicarious liability. Accordingly, the court turns to the issue of whether or not the Hospital can be held directly liable under the statute.

#### B. *The Hospital Is Not A Debt Collector*

■ The FDCPA prohibits deceptive and misleading practices by "debt collec-

tors." 15 U.S.C. § 1692e. The statute specifically defines debt collectors as those engaged in "any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect ... debts owed or due or asserted to be owed or *due another.*" 15 U.S.C. § 1692e (emphasis added). Thus, by its terms, the FDCPA limits its reach to those collecting the debts "of another" and does not restrict the activities of creditors seeking to. collect their own debts. *Maguire v. Citicorp Retail Services, Inc.,* 147 F.3d 232, 235 (2d Cir.1998), *Harrison v. NBD Inc.,* 968 F.Supp. 837, 841 (E.D.N.Y.1997), *see also Kloth v. Citibank,* 33 F.Supp.2d 115, 119 (D.Conn.1998).

When restricting the reach of the FDCPA to exempt creditors, Congress recognized that the activities of creditors seeking to collect their own debts are restrained by the creditors' desire to retain their good will with consumers. Those collecting debts due to another were thought not to be similarly restrained and therefore more likely to engage in the type of unscrupulous activities the act seeks to prevent. *Harrison,* 968 F.Supp. at 841.

■ There is no question that the Hospital cannot be held liable as a bill collector. The Hospital attempted to collect its own debt and not, as required by the FDCPA, a debt owed to another. Nor did the Hospital use a name other than its own in an attempt to collect a debt. *See* 15 U.S.C. § 1692a(6) (imposing FDCPA liability when a creditor uses "any name other than its ow which would indicate that a third person is collecting or attempting to collect" a debt).

Under these circumstances, the Hospital is not a bill collector under the FDCPA. Therefore, despite the fact that the Hospital's actions were no doubt frustrating to Plaintiff, it cannot be liable under the statute.

*CONCLUSION*

For the foregoing reasons, the motion of defendant Nassau Health Care Corporation for summary judgment is granted. The Clerk of the Court is directed to terminate the motion and close the file in this case.

SO ORDERED.