[No. 24780-5-III.   Division Three.   April 12, 2007.]

DISCOVER BANK, *Respondent*, v. RICKEY DEAN RAY ET AL.,
*Appellants*.

724

*Rickey Dean Ray*, pro se.

*Patrick J. Layman* (of *Bishop, White & Marshall, PS*) and *Robin R. McCroskey*, for respondent.

¶1 KULIK, J. — The trial court granted Discover Bank's motion for summary judgment on its complaint for monies due from Rickey Dean Ray and Jane Doe Ray. The trial court found that undisputed evidence supported the conclusion that Mr. Ray incurred the debt to Discover Bank, that he made continual charges on the card issued by the bank, and that he made payments on the debt. The trial court granted summary judgment in favor of Discover Bank and awarded the bank a judgment against Mr. Ray of $17,369.01, plus interest. We conclude that the trial court did not err in granting summary judgment. We affirm.

## FACTS

¶2  Discover Bank filed a complaint against Rickey Dean Ray, seeking payment of the principal sum of $16,424.01, as well as costs, attorney fees, and postjudgment interest. In this complaint, Discover Bank asserted that Mr. Ray charged $16,424.01 to a credit card issued to him by Discover Bank and that he was in default on this debt. Discover Bank also served Mr. Ray with the summons and complaint, notifying Mr. Ray of the pending action.

¶3  Mr. Ray subsequently sent Discover Bank notice that he disputed the debt, and he requested verification of the debt pursuant to the Fair Debt Collection Practices Act (Act), 15 U.S.C. § 1692g(b). In response, Discover Bank provided Mr. Ray with copies of account statements from March 2000 to October 2004, a copy of the cardmember agreement, and copies of several cancelled checks that Mr. Ray had sent as payment on the debt. These materials were also provided to the trial court in support of Discover Bank's motion for summary judgment, along with an affidavit from one of the bank's account managers.

¶4  Discover Bank moved for summary judgment against Mr. Ray for the sum of $17,369.01, along with postjudgment interest at the rate of 24.99 percent per annum. The sum requested represented the amount of Mr. Ray's original debt, plus costs and attorney fees. Mr. Ray responded with a motion to dismiss based on several alleged procedural violations.

¶5  At the hearing on both motions, Mr. Ray denied that he had ever received the credit card. But the trial court found that his assertion was not credible because it was not made under oath and Mr. Ray had not denied owning the credit card on any prior occasion. Mr. Ray appeals. He asserts that there was insufficient evidence that he voluntarily entered into the cardmember agreement with Dis-

cover Bank. He also asserts that Discover Bank violated the Act.[1] *See* 15 U.S.C. § 1692g(b).

## ANALYSIS

¶6 Summary judgment is appropriate when "the pleadings, affidavits, depositions, and admissions on file demonstrate there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Folsom v. Burger King*, 135 Wn.2d 658, 663, 958 P.2d 301 (1998) (citing CR 56(c)). We engage in the same inquiry as the trial court. *Id.* at 663.

*1. Was there sufficient evidence of an enforceable contract between Mr. Ray and Discover Bank?*

¶7 The cardmember agreement clearly and unambiguously provides that use of the credit card constituted acceptance of the agreement. Mr. Ray used the credit card and, thereby, agreed to the terms of the cardmember agreement.

¶8 In order to form a valid contract, there must be an objective manifestation of mutual assent. *Keystone Land & Dev. Co. v. Xerox Corp.*, 152 Wn.2d 171, 177-78, 94 P.3d 945 (2004). "Generally, manifestations of mutual assent will be expressed by an offer and acceptance." *Id.* at 178. Here, Mr. Ray challenges that there was sufficient proof that he accepted the cardmember agreement and was, therefore, bound to its terms.

¶9 Whether there is mutual assent is normally a question of fact that is reviewed under a substantial evidence standard. *Id.* at 178 n.10. But this determination of fact may be determined as a matter of law where reasonable minds could not differ. *Id.*

---

[1] Mr. Ray asserts on appeal that the cardmember agreement violated the statute of frauds, that the contract provision regarding attorney fees was an unlawful confession of judgment, and that the cardmember agreement was unconscionable. We deem each of these claims to have been waived by Mr. Ray's failure to timely raise them before the trial court. *See, e.g., Lybbert v. Grant County*, 141 Wn.2d 29, 39-40, 1 P.3d 1124 (2000).

¶10 The offeror is the master of the offer. *See, e.g., M.A. Mortenson Co. v. Timberline Software Corp.*, 140 Wn.2d 568, 590, 998 P.2d 305 (2000). Therefore, the offeror may propose acceptance by conduct, and the buyer may accept by performing those acts proposed by the offeror. *Id.* at 595 (quoting *ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447, 1452 (7th Cir. 1996)).

¶11 Here, the cardmember agreement clearly and unambiguously provided that use of the credit card issued by Discover Bank constituted an acceptance of the cardmember agreement. Mr. Ray used the credit card issued by Discover Bank for several years. There is sufficient evidence to establish that Mr. Ray accepted the terms of the cardmember agreement through his conduct of using the credit card.

*2. Did Discover Bank violate the Fair Debt Collection Practices Act?*

¶12 Mr. Ray argues that Discover Bank violated the Act by failing to provide him with adequate verification of his debt.

¶13 " 'The [Act] prohibits deceptive and misleading practices by 'debt collectors.' " *Bleich v. Revenue Maximization Group, Inc.*, 239 F. Supp. 2d 262, 263-64 (E.D.N.Y. 2003). Under the Act, certain types of creditors are excluded from the definition of a "debt collector." 15 U.S.C. § 1692a. An officer or employee of the creditor who collects the debt in the creditor's name, as opposed to the creditor collecting the debt through a third party, is exempted from the definition of a "debt collector." 15 U.S.C. § 1692a(6)(A). Similarly, an entity that attempts to collect on a debt that was not in default at the time the debt was acquired is also exempted. 15 U.S.C. § 1692a(6)(F)(iii). Both exceptions apply to Discover Bank and its attorneys.

¶14 Because Discover Bank was collecting its own debt and not the debt of another, the Act does not apply to its attempt to collect against Mr. Ray. *See Bleich*, 239 F. Supp. 2d at 263-64. There is no support for Mr. Ray's allegations that Discover Bank violated the Act.

## ATTORNEY FEES

¶15 As previously noted, the cardmember agreement between Discover Bank and Mr. Ray contained a contract provision awarding attorney fees. "A contractual provision for an award of attorney fees at trial supports an award of attorney fees on appeal." *Reeves v. McClain*, 56 Wn. App. 301, 311, 783 P.2d 606 (1989).

¶16 We affirm the trial court's grant of summary judgment. We award reasonable attorney fees on appeal to Discover Bank and remand this matter to the trial court for a determination of the amount of those fees.

SWEENEY, C.J., and BROWN, J.