226 P.3d 191 (2010)
DISCOVER BANK, Issuer of the Discover Card, Respondent,
v.
John S. BRIDGES and Julie A. Bridges, husband and wife, and their marital community thereof, Appellant.
No. 39209-7-II.
Court of Appeals of Washington, Division 2.
March 2, 2010.
*192 John S. Bridges, Kelso, WA, pro se.
Julie A. Bridges, Kelso, WA, pro se.
Laurie K. Friedl, Bishop White & Marshall PS, Seattle, WA, Laurel Lee Tiller, The Tiller Law Firm, Centralia, WA, for Respondent.
HOUGHTON, J.
¶ 1 John and Julie Bridges appeal the trial court's grant of summary judgment on their credit card debt to Discover Bank. They argue that the trial court erred in improperly admitting evidence and in finding that no genuine issue of material fact precluded summary judgment. We reverse and remand.

FACTS
¶ 2 Discover Bank filed a complaint against the Bridges, seeking payment of a credit card debt. The Bridges, proceeding pro se, answered generally by denying the allegations.
¶ 3 Discover Bank moved for summary judgment on an $11,957.97 principal amount, plus interest at 28.99 percent per annum, costs, and attorney fees. In support of its motion, Discover Bank submitted Ashlea Kiser's affidavit. In it, she averred that she was *193 an employee of DFS Services, LLC. DFS is an affiliated entity that assists Discover Bank in collecting delinquent debts. Attached to the affidavit were copies of the Bridges' account statements from June 16, 2006, to June 22, 2008, and a cardmember agreement.
¶ 4 The Bridges filed a response to Discover Bank's summary judgment motion.[1] Discover Bank replied to the Bridges' response and submitted DFS employee Robert Adkins' declaration. He attached a copy of the cardmember agreement in effect when the Bridges opened their account and a copy of the cardmember agreement in effect when the Bridges defaulted on their debt.
¶ 5 After the trial court denied Discover Bank's summary judgment motion, Discover Bank filed DFS employee Denise Brooks' affidavit. In it, she explained the relationship between Discover Bank and DFS. Discover Bank again sought summary judgment in its favor and the trial court granted its motion. The trial court entered a judgment for $11,957.97 in principal, $285.00 in costs, $850.00 in attorney fees, and postjudgment interest at the rate of 28.99 percent per annum.
¶ 6 After the trial court denied the Bridges' motion for reconsideration, they appealed.[2]

ANALYSIS

Summary Judgment
¶ 7 The Bridges contend that the trial court erred in granting Discover Bank's motion for summary judgment. They assert that the trial court improperly considered affidavits and declarations. They further assert that they raised genuine issues of material fact, precluding summary judgment.
¶ 8 First, the Bridges argue that the trial court improperly considered the affidavits and declarations under CR 56 because they do not contain sworn testimony by competent fact witnesses. CR 56(e) provides in relevant part:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.
Furthermore, RCW 5.45.020 provides:
A record of an act, condition or event, shall in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.
¶ 9 We review a trial court's decision to admit or exclude business records for a manifest abuse of discretion. State v. Garrett, 76 Wash.App. 719, 722, 887 P.2d 488 (1995). A trial court abuses its discretion when it bases its decision on unreasonable or untenable grounds. Dix v. ICT Group, Inc., 160 Wash.2d 826, 833, 161 P.3d 1016 (2007).
¶ 10 Here, Kiser, Adkins, and Brooks collectively stated in their affidavits and declarations that (1) they worked for DFS, (2) Kiser and Adkins had access to the Bridges' account records in the course of their employment, (3) Kiser and Adkins made their statements based on personal knowledge and review of those records and under penalty of perjury, and (4) the attached account records were true and correct copies made in the ordinary course of business. The trial court *194 properly considered the affidavits and declarations, and it did not abuse its discretion by considering the business records.[3]
¶ 11 Second the Bridges argue that genuine issues of fact preclude summary judgment here. We agree.
¶ 12 When reviewing a summary judgment order, we review the evidence in a light most favorable to the nonmoving party. Herron v. Tribune Publ'g Co., 108 Wash.2d 162, 170, 736 P.2d 249 (1987). Mere allegations or conclusory statements of facts unsupported by evidence do not sufficiently establish such a genuine issue. Baldwin v. Sisters of Providence in Wash., Inc., 112 Wash.2d 127, 132, 769 P.2d 298 (1989). In addition, the nonmoving party "may not rely on speculation, argumentative assertions that unresolved factual issues remain, or on having its affidavits considered at face value." Seven Gables Corp. v. MGM/UA Entm't Co., 106 Wash.2d 1, 13, 721 P.2d 1 (1986). After the moving party submits adequate affidavits, the nonmoving party must set forth specific facts rebutting the moving party's contentions and disclose that a genuine issue of material fact exists. Seven Gables, 106 Wash.2d at 13, 721 P.2d 1.
¶ 13 To establish a claim, Discover Bank had to show that the Bridges mutually assented to a contract by accepting the cardmember agreement and personally acknowledged their account. Discover Bank's pleadings disclose neither a signed agreement between Discover Bank and the Bridges nor detailed, itemized proof of the Bridges' card usage. Nor do they show that the Bridges acknowledged the debt, for example, through evidence of cancelled checks or online payment documentation. The record contains only monthly statements summarizing the Bridges' alleged account balance and payments purportedly made thereon and affidavits from DFS employees, who were familiar with the Bridges' purported account records.
¶ 14 In Discover Bank v. Ray, 139 Wash. App. 723, 728, 162 P.3d 1131 (2007), Division Three affirmed summary judgment in favor of Discover Bank under circumstances differing from those here. It reasoned that sufficient evidence established that Ray had accepted the terms of his cardmember agreement by using his credit card, which constituted mutual assent to a contract. Ray, 139 Wash.App. at 726-27, 162 P.3d 1131.
¶ 15 But in Ray, Discover Bank introduced copies of several cancelled checks that Ray had sent as payment on his credit card account. 139 Wash.App. at 725, 162 P.3d 1131. Thus, the present case is distinguishable from Ray because Discover Bank did not produce any similar evidence of the Bridges' personal acknowledgment of the account.[4] It produced only a generic summary of the purported account balance and payments made on it. Therefore, material issues of fact preclude summary judgment.

Attorney Fees
¶ 16 Discover Bank requests attorney fees and costs on appeal under terms authorized *195 in the contract. As it does not prevail, we decline to award attorney fees and costs.
¶ 17 Reversed and remanded.
We concur: VAN DEREN, C.J., and PENOYAR, J.
NOTES
[1] In their pleading opposing summary judgment, the Bridges claimed that (1) "[i]n the day of computer technology and ... sophisticated means," banks can make account records say whatever they want to say; (2) signed charge slips were the only factual evidence sufficient to establish their alleged use of the card and, therefore, consent to the cardmember agreement; (3) the computer programs used to "hold" their alleged account records could have been among those "major news networks" reported as "hacked." Clerk's Papers at 47, 51.
[2] Because we reverse and remand, we do not address the Bridges' argument that the trial court erred in denying their motion for reconsideration.
[3] Because we reverse and remand, we do not address the Bridges' other arguments based on trial court evidentiary error.
[4] Because the "doctrine of account stated" might apply here, we discuss it. LaMon v. Butler, 112 Wash.2d 193, 200-01, 770 P.2d 1027 (1989) (appellate court may affirm the trial court on any basis supported by the record).

The doctrine of account stated applies when both the creditor and the debtor manifest that a stated sum is an accurate computation of an amount due. Sunnyside Valley Irrigation Dist. v. Roza Irrigation Dist., 124 Wash.2d 312, 315, 877 P.2d 1283 (1994). Evidence of assent in some form is required, and the court determines assent by examining all the circumstances and acts of the parties. Sunnyside Valley, 124 Wash.2d at 316, 877 P.2d 1283. Therefore, assent may be implied. Sunnyside Valley, 124 Wash.2d at 316, 877 P.2d 1283. Payment, absent an object manifestation of protest or intent to negotiate the sum in the future, sufficiently establishes an account stated. Sunnyside Valley, 124 Wash.2d at 316-17 n. 1, 877 P.2d 1283.
Even if the doctrine of account stated applied to the facts here, the record lacks any personal acknowledgment by the Bridges of the account, such as a cancelled check or online payment. Just as the evidence insufficiently establishes the mutual assent necessary to the formation of a contract, the evidence insufficiently demonstrates the assent necessary to establish an account stated.