[No. 28060-8-III.   Division Three.   May 3, 2011.]

DEBBIE DONOHUE, *Appellant*, v. GREGORY NIELSON ET AL., *Respondents*.

*Michael J. Beyer*, for appellant.

*James B. King* and *Christopher J. Kerley* (of *Evans, Craven & Lackie PS*), for respondents.

¶1 BROWN, J. — Debbie Donohue appeals the trial court's summary dismissal of her Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p, claim against Gregory Nielson and/or Gregory A. Nielson PS (collectively Nielson). She contends 15 U.S.C. section 1692g(a) requires all debt collectors to provide validation notice, even if such

notice has already been provided by an assignor of the debt. We disagree and affirm.

## FACTS

¶2 In October 2007, the Children's Choice, a dental practice, assigned an unpaid dental services account owed by Ms. Donohue to Quick Collect. The assigned amounts were principal of $270.99 and finance charges totaling $24.07.

¶3 In an effort to collect the debt, Quick Collect sent three notices to Ms. Donohue. Upon receipt of the assignment, Quick Collect mailed Ms. Donohue a formal demand statement dated October 26, 2007. The demand statement was never returned as undeliverable, nor was Quick Collect informed that the demand statement was refused, or that Ms. Donohue had moved and left no forwarding address. The formal notice indicated a total amount due of $297.29, including $2.23 in postassigned interest. On November 29, 2007, having heard nothing from Ms. Donohue in response to the formal demand statement, Quick Collect mailed Ms. Donohue a notice of intent to file suit, indicating a total amount due of $300.23, including $5.17 in postassigned interest. On December 19, 2007, Quick Collect mailed a property notice to Ms. Donohue, referencing her ownership of property in Spokane County and indicating that the file was being prepared for Quick Collect's legal department and indicating a total amount due of $302.10, including $7.01 in postassigned interest.

¶4 Quick Collect heard nothing from Ms. Donohue in response to the mailed notices and referred the matter to attorney Nielson for the commencement of litigation. On January 18, 2008, Nielson, on behalf of Quick Collect, sued Ms. Donohue in district court. Ms. Donohue was personally served with a summons and complaint on January 30, 2008, at the same address where Quick Collect's notices had been mailed. The complaint indicated the principal amount was $270.99 and the interest accrued thus far was $33.78.

Nielson had no contact with Ms. Donohue before the summons and complaint were prepared, filed, and served.

¶5 On February 7, 2008, Quick Collect received a check from Ms. Donohue dated January 25, 2008. The check was made payable to Quick Collect in the amount of $300.23. Because the matter was in litigation, and because Quick Collect determined Ms. Donohue's check was insufficient to satisfy the amounts due, Quick Collect asked Nielson to respond to Ms. Donohue's insufficient tender. That day, Nielson wrote to Ms. Donohue advising her of the insufficient tender, and specifying the additional amounts (totaling $299.33 after deduction of her tender) required to satisfy and extinguish the debt. The total increased amount included court costs, a service fee, and an attorney fee. Counsel had not yet appeared for Ms. Donohue.

¶6 On April 1, 2008, Ms. Donohue sued Nielson in the Spokane County Superior Court, partly alleging Nielson violated the FDCPA by not sending her a validation notice under 15 U.S.C. section 1692g(a). Ms. Donohue sued Quick Collect in Spokane County Superior Court on essentially the same facts. The only difference between the Quick Collect case and this one is that the Quick Collect case did not include the section 1692g(a) validation notice claim.

¶7 Both parties moved for summary judgment. The court partly ruled Mr. Nielson did not violate the validation requirements of 15 U.S.C. section 1692g(a) by not sending an additional validation notice to that contained in Quick Collect's formal demand letter.

¶8 Meanwhile, the case against Quick Collect had been removed to the federal District Court for the Eastern District of Washington on May 7, 2008. There, both parties moved for summary judgment. Before the superior court entered an order on its summary judgment rulings, the federal trial court granted summary judgment in favor of Quick Collect. Eventually, on Nielson's motion, the superior court determined the federal court judgment was res judicata on all claims except for the validation notice issue.

Ultimately the superior court summarily dismissed all of Ms. Donohue's claims.

¶9 Ms. Donohue appealed both the federal and state summary judgments. This appeal was stayed pending resolution of the federal appeal. On January 13, 2010, the Ninth Circuit, in a published opinion, affirmed summary judgment in favor of Quick Collect. *See Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010). Ms. Donohue's appeal now solely challenges the summary determination that the FDCPA did not require Nielson to provide Ms. Donohue with another validation notice.

## ANALYSIS

¶10 The issue is whether the trial court erred in summarily ruling Quick Collect's initial demand letter satisfied the validation notice requirements of 15 U.S.C. section 1692g(a) and dismissing Ms. Donohue's validation notice claim against Nielson.

¶11 Summary judgment is appropriate when " 'the pleadings, affidavits, depositions, and admissions on file demonstrate there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.' " *Discover Bank v. Ray*, 139 Wn. App. 723, 726, 162 P.3d 1131 (2007) (quoting *Folsom v. Burger King*, 135 Wn.2d 658, 663, 958 P.2d 301 (1998)). Questions of law are reviewed de novo. *McCurry v. Chevy Chase Bank, FSB*, 169 Wn.2d 96, 100, 233 P.3d 861 (2010). Issues of construction or interpretation of a statute or court rule are questions of law. *See City of Spokane v. Spokane County*, 158 Wn.2d 661, 673, 146 P.3d 893 (2006).

¶12 The FDCPA was enacted to provide a remedy to victims of abusive, deceptive, and unfair collection practices by debt collectors. *Piper v. Portnoff Law Assocs.*, 396 F.3d 227, 232 (3d Cir. 2005). 15 U.S.C. section 1692g(a) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in

the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within a thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

¶13 Ms. Donohue contends the statute required Nielson to send her a validation notice "within five days of the date of his initial communication, his February 7, 2008 demand letter." Br. of Appellant at 10. She relies on *Griswold v. J&R Anderson Bus. Serv.*, 1983 U.S. Dist. LEXIS 20365, at *3 (D. Or. 1983), which held, "There is nothing in the legislative history or the statutory language which indicates that an assignee debt collector should be exempt from any portion of section 1692g" even though the previous debt collector provided such notice.

¶14 However, more recent cases have specifically disagreed. *See Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1329 (D. Utah 1997) ("Section 1692g does not require another debt collector, undertaking collection efforts after a validation notice has been timely sent, to provide additional notice and another thirty-day validation period."); *Senftle v. Landau*, 390 F. Supp. 2d 463 (D. Md. 2005); *Nichols v. Byrd*, 435 F. Supp. 2d 1101, 1106-07 (D. Nev. 2006) (holding that if Congress had intended to obligate every subsequent debt collector beyond the first to provide validation notice, it

would have explicitly called for it in 15 U.S.C. section 1692g); *Oppong v. First Union Mortg. Corp.*, 566 F. Supp. 2d 395, 403 (E.D. Pa. 2008) (see below).

¶15 Nielson argues the court in *Senftle* addressed this issue:

> The Court again looks to the plain language of § 1692g, "[within five days after *the initial communication* with a consumer in connection with the collection of any debt, a debt collector shall unless the following information is contained in *the initial communication*], send the consumer written notice." Though "communication" is broadly defined, the statute explicitly refers in the singular to "*the initial communication.*" Again, had Congress intended that there might be more than one initial communication with a debtor on a given debt, it certainly could have provided that, such as by explicitly requiring both *initial* and *successive* debt collectors to provide the § 1692g(a) validation notice. In fact, Congress made just such distinctions in § 1692e(11) when it distinguished between *initial* and *subsequent communications* to a debtor on a given debt. *See* 15 U.S.C. § 1692e(11). Here the preeminent canon of statutory interpretation requires the court to "presume that the legislature says in a statute what it means and means in a statute what it says there." The Court thus holds that there is only one "initial communication" with a debtor on a given debt under § 1692g(a), even though subsequent debt collectors may enter the picture.

*Senftle*, 390 F. Supp. 2d at 473 (alteration in original) (footnote and citation omitted) (quoting *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183, 124 S. Ct. 1587, 158 L. Ed. 2d 338 (2004)).

¶16 Additionally, the court in *Oppong* observed:

> To the extent that there is authority to the contrary, *see, e.g., Griswold v. J & R Anderson Bus. Serv.*, it is not persuasive. Under the FDCPA, the goal of the initial communication is to advise the debtor of his rights and obligations to his creditor. Once the validation information is provided in the initial communication, and once the debtor is made aware of his rights at the time the collection process begins, it would serve no purpose to require that the same information be given again

and again, each time the servicing function was passed from one creditor to another.

*Oppong*, 566 F. Supp. 2d at 404 (citations omitted); *see* Br. of Resp't at 7-8.

¶17 Nielson's litigation was servicing the same debt for which Quick Collect gave a formal demand statement satisfying the validation notice requirements. Ms. Donohue was entitled solely to one debt validation notice. 15 U.S.C. section 1692g(a) did not require Nielson to send an additional notice to Ms. Donohue for collection of that debt.

¶18 Ms. Donohue argues the daily interest increase and the addition of other fees listed in the February 7, 2008 letter from Nielson supports requiring a second validation notice. We are not persuaded. First, a creditor can request accrued interest after a validation notice is sent, and before the debt is satisfied, without specifying the exact amount of the interest and without violating the FDCPA. *Hutton v. Law Offices of Collins & Lamore*, 668 F. Supp. 2d 1251 (S.D. Cal. 2009). Second, it is not an FDCPA violation for a collection complaint to request attorney fees unspecified as to exact amount. *Reyes v. Kenosian & Miele, LLP*, 619 F. Supp. 2d 796 (N.D. Cal. 2008). Ms. Donohue's federal case determined the amount was not misleading. *See Donohue*, 592 F.3d at 1033.

¶19 Given our analysis, in sum, we agree Nielson was entitled to judgment as a matter of law. Accordingly, the trial court did not err in summarily dismissing Ms. Donohue's validation notice claim. Ms. Donohue requests attorney fees. Because she has not prevailed, we do not reach her attorney fee arguments.

¶20 Affirmed.

KORSMO, A.C.J., and SWEENEY, J., concur.

Review denied at 172 Wn.2d 1012 (2011).