2014 JUN -9 AM 9: 42


IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| CITIBANK (SOUTH DAKOTA), N.A., | ) | No. 69903-2-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| MARGARET CARTER & LEON CARTER, | ) | |
| | ) | |
| | ) | |
| Appellants. | ) | FILED: June 9, 2014 |

SCHINDLER, J. — Margaret and Leon Carter appeal the order granting Citibank's motion for summary judgment. The Carters contend Citibank did not provide adequate proof of assent to the terms of an unsigned credit card agreement and genuine issues of material fact precluded summary judgment. Because Citibank provided proof of assent and the Carters presented no evidence to create a genuine issue of material fact, we affirm.

## FACTS

Citibank issued a Sears credit card to Margaret Carter and sent her a "Card Agreement." From 2006 to 2009, Margaret regularly used the Sears credit card to make purchases, and made monthly payments on the account.[1] Margaret eventually stopped

---

[1] We refer to the parties by their first names for purposes of clarity and mean no disrespect by doing so.

making payments.

On October 19, 2010, Citibank filed a lawsuit against Margaret for the past due amount owed on the account totaling $15,882.82. Citibank requested judgment for the amount owed plus interest and attorney fees.

Margaret's spouse Leon, appearing pro se, argued that he should be added to the lawsuit as a defendant. The court added Leon to the caption of the lawsuit as a joint holder of the credit card.

Citibank filed a motion for summary judgment. Citibank argued that by using the card, the Carters assented to the terms of the Card Agreement and "to the amount due and owing as stated on the billing statements." In support of its motion for summary judgment, Citibank submitted an affidavit from Citibank Document Control Officer Mary Crum. Crum states the account statements "reflect[ ] that charges were made on the Account to purchase goods and services and/or obtain cash advances." Crum also states that the Carters "did eventually fail to make required payments on the Account" and are "presently in default on the Account." Crum states the balance on the account is $15,882.82 and the "Account Statement does not reflect any outstanding disputes on the Account." Crum attached account statements for the period of July 7, 2006 to March 9, 2010, a copy of the Card Agreement, copies of checks showing that Margaret's spouse Leon made payments on the credit card account, and "Sears Statement Transaction Reference Report[s]."

The Card Agreement states, "This Card Agreement is your contract with us. It governs the use of your card and account." The Card Agreement also states,

> You agree to use your account in accordance with this Agreement. You must pay us for all amounts due on your account. This Agreement is

2

binding on you unless you close your account within 30 days after receiving the card and you have not used or authorized use of the card.

The Sears Statement Transaction Reference Reports show individual items the Carters purchased and the payments made on the account from September 20, 2006 to October 26, 2006.

In opposition to summary judgment, the Carters "acknowledge[d] that there is a debt, but dispute[ ] the amount claimed." The Carters argued they were "not bound by contract to the debt and should have the right to challenge the ownership and amount." The Carters submitted no evidence in opposition to summary judgment. In reply, Citibank argued that although the Carters disputed the amount owed, the unrebutted evidence established the amount owed.

The court granted Citibank's motion for summary judgment and entered judgment in the amount of $15,882.82 plus $259 in costs against Margaret Carter.

ANALYSIS

The Carters argue that Citibank failed to provide adequate proof of assent to the terms of an unsigned credit card agreement.

We review summary judgment de novo. Kruse v. Hemp, 121 Wn.2d 715, 722, 853 P.2d 1373 (1993). Summary judgment is appropriate only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." CR 56(c); Hansen v. Friend, 118 Wn.2d 476, 485, 824 P.2d 483 (1992). If in viewing all of the evidence reasonable minds could reach only one conclusion, summary judgment is appropriate. Hansen, 118 Wn.2d at 485. "A party may not rely on mere allegations, denials, opinions, or conclusory statements, but, rather must set forth specifics indicating material facts for trial." Int'l Ultimate, Inc. v. St.

<u>Paul Fire & Marine Ins. Co.</u>, 122 Wn. App. 736, 744, 87 P.3d 774 (2004) (citing CR 56(e); <u>Grimwood v. Univ. of Puget Sound, Inc.</u>, 110 Wn.2d 355, 359, 753 P.2d 517 (1988)).

The formation of a contract requires objective manifestation of mutual assent. <u>Hoglund v. Meeks</u>, 139 Wn. App. 854, 870, 170 P.3d 37 (2007). "Generally, manifestations of mutual assent will be expressed by an offer and acceptance." <u>Keystone Land & Dev. Co. v. Xerox Corp.</u>, 152 Wn.2d 171, 178, 94 P.3d 945 (2004). The existence of mutual assent or a meeting of the minds is generally a question of fact, but a question of fact may be determined as a matter of law where reasonable minds could not differ. <u>Sea-Van Invs. Assocs. v. Hamilton</u>, 125 Wn.2d 120, 126, 881 P.2d 1035 (1994); <u>Keystone</u>, 152 Wn.2d at 178 n.10. "The offeror is the master of the offer" and "may propose acceptance by conduct, and the buyer may accept by performing those acts proposed by the offeror." <u>Discover Bank v. Ray</u>, 139 Wn. App. 723, 727, 162 P.3d 1131 (2007).

In <u>Ray</u>, the credit card user argued Discover Bank provided insufficient proof that he accepted the cardmember agreement. <u>Ray</u>, 139 Wn. App. at 725-26. The court disagreed. The cardmember agreement "clearly and unambiguously provided that use of the credit card issued by Discover Bank constituted an acceptance of the cardmember agreement." <u>Ray</u>, 139 Wn. App. at 727. The evidence Discover Bank submitted at summary judgment established that Ray used the card for several years. The court held Ray accepted the terms of the cardmember agreement "through his conduct of using the credit card." <u>Ray</u>, 139 Wn. App. at 727.

Here, the Carters' Card Agreement specifically provides that the Carters "agree to use your account in accordance with this Agreement," and that "[t]his Agreement is binding on you unless you close your account within 30 days after receiving the card and you have not used or authorized use of the card."[2] As in Ray, the evidence Citibank submitted in support of its summary judgment motion established that the Carters used the credit card to make purchases for several years, and accepted the clear and unambiguous terms of the Card Agreement.

The Carters rely on Discover Bank v. Bridges, 154 Wn. App. 722, 226 P.3d 191 (2010). Bridges does not support their argument. In Bridges, Discover Bank sued the Bridgeses alleging they owed approximately $12,000 on a credit card. Bridges, 154 Wn. App. at 724. Discover Bank filed a motion for summary judgment and in support, submitted account statements covering a seven-day period. Bridges, 154 Wn. App. at 724. The court granted summary judgment. Bridges, 154 Wn. App. at 725.

On appeal, the Bridgeses argued that Discover Bank did not demonstrate that they mutually assented to a contract by accepting the cardmember agreement and personally acknowledging their account. Bridges, 154 Wn. App. at 727. The court held that because Discover presented no evidence of the Bridgeses' personal acknowledgement of the account, genuine issues of material fact precluded summary judgment. Bridges, 154 Wn. App. at 728. The court stated that the record contained "neither a signed agreement between Discover Bank and the Bridgeses, nor detailed, itemized proof of the Bridgeses' card usage." Bridges, 154 Wn. App. at 727. The court also stated that Discover Bank presented no evidence to show "that the Bridgeses

_____

[2] (Emphasis added.)

5

acknowledged the debt, for example, through evidence of cancelled checks or online payment documentation." Bridges, 154 Wn. App. at 727.

Here, unlike in Bridges, Citibank submitted copies of several checks drawn on the account of Leon Carter for payments on the Sears credit card. Citibank also provided "detailed, itemized proof"[3] of the Carters' use of the credit card by submitting Sears Statement Transaction Reference Reports and account statements for a four-year period showing the Carters made purchases and payments on the account.

In the alternative, the Carters argue that genuine issues of material fact as to "debt liability," "debt standing," and "debt ownership" preclude summary judgment. But the undisputed record shows the Carters had a credit card account with Citibank, the Carters owed $15,882.82 on the account, and Citibank had no record of outstanding disputes as to the amount owed. Because there was no genuine issue of material fact, the court did not err by granting summary judgment.

We affirm.[4]

WE CONCUR:

---

[3] Bridges, 154 Wn. App. at 727.

[4] The Carters also make a number of assignments of error unsupported by argument in their brief. We do not address these assignments of error. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

6