FILED
COURT OF APPEALS
DIVISION II

2013 SEP 10 AM 8: 39

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CAPITAL ONE BANK (USA), N.A., | No. 43115-7-II |
| Respondent, | |
| v. | |
| HEATHER F. LUKASHIN, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, J. — Heather F. Lukashin appeals a summary judgment order in favor of Capital One Bank in a credit card collection action.[1]  She argues that (1) the superior court improperly admitted account statements under RCW 5.45.020 and improperly relied on those records in granting Capital One summary judgment; (2) summary judgment was inappropriate because Capital One failed to provide sufficient proof of an enforceable credit card agreement; (3) the superior court's damages determination was improper; (4) the superior court erred in refusing to sanction Capital One or its counsel for misconduct; and (5) this court should impose

---

[1] Our commissioner issued a notation ruling allowing Igor Lukashin to appear "on behalf of the community composed of he and Ms. Lukashin." *See* Spindle.

sanctions to deter future misconduct by Capital One or its counsel. Finding no error, we affirm and decline Lukashin's invitation to sanction Capital One and its counsel.

## FACTS

On October 18, 2010, Capital One sued Lukashin for unpaid credit card debt. When Lukashin failed to file a timely answer, Capital One moved for default judgment. In support of its motion for default judgment, Capital One attached an April 16, 2010 affidavit from Jamie Williams, a "Litigation Support Representative and an authorized agent of" Capital One. Clerk's Papers (CP) at 19.

In the affidavit, Williams stated that (1) she was familiar with Capital One's business records, (2) the records were made in the course of regularly conducted business activity either at or near the time of the events or by a computer or other digital means that created contemporaneous records, and (3) the content of the records was true and correct based on her personal knowledge of how Capital One maintained its records. Williams also stated that Lukashin had opened a Capital One account ending in the numbers 8703, that she had used that account to make purchases, and that she had breached the agreement by failing to make periodic payments as required. Williams further stated that the credit card agreement allowed for attorney fees and costs. The only document attached to the April 2010 affidavit was a copy of account 8703's July 25, 2009 to August 24, 2009 account statement (the August 2009 account statement) addressed to Heather Lukashin. This statement showed that as of August 24, 2009, Lukashin was six payments behind and that the outstanding balance, including finance and transaction charges, was $2,815.86.

No. 43115-7-II

The superior court struck Capital One's default judgment motion when Lukashin filed her answer. In her answer, Lukashin asserted a general denial. Although she admitted that she had a credit card with the last four digits of 8703, she asserted that she did not know whether this was the same account Capital One was referring to.[2] She also asserted several affirmative defenses.

Eleven months later, Capital One moved for summary judgment. Capitol One stated that it was supporting its motion with: (1) "Exhibit A: Client Affidavit as provided by Plaintiff," (2) "Exhibit B: Copies of Periodic Statements as provided by Plaintiff," (3) a "[d]eclaration of [p]laintiff's attorney," and (4) the "[r]ecords and files herein." CP at 44. Exhibit A was a copy of the same April 2010 affidavit Capital One had submitted with its default judgment motion, without a copy of the August 2009 account statement. Although not followed by a cover page indicating that they were exhibit B, Capital One also submitted account statements for account 8703 from September 2006 through November 2008; these statements were all addressed to Heather Lukashin.[3] The final statement, for the October 24, 2008 through November 24, 2008 period (the November 2008 account statement), showed an outstanding balance of $2,058.44.

---

[2] Specifically, Lukashin stated: "The Defendant admits the allegation that the Defendant has had a certain credit card account bearing a number ending in 8703; however, the Defendant is without sufficient knowledge or information to form a belief as to whether the account referenced by the Plaintiffs is one and the same." CP at 28.

[3] Although the November 2006 and February 2008 account statements show that Lukashin made payments equal to the previous outstanding balances; these statements also included new charges, leaving substantial outstanding balances regardless of the payments. None of the account statements in the record show that the account had a zero balance at any time.

3

No. 43115-7-II

Lukashin responded by filing two motions to "strike or deny" the summary judgment motion,[4] a motion to dismiss the summary judgment motion, and various motions for sanctions against Capital One and/or its counsel. In these motions, Lukashin argued that (1) Capital One had failed to support its summary judgment motion with a "complete" set of account statements or a copy of any account agreement establishing that she was responsible for any debt[5]; (2) the documentation Capital One provided was insufficient because it did not show the account activity between November 2008 and August 2009, and it was possible that some of the charges were not authorized[6]; (3) the documents Capital One had included with its summary judgment motion were inadmissible under RCW 5.45.020 because they were submitted and/or discovered after the April 2010 affidavit[7] and were not mentioned specifically in the affidavit; (4) Capital One or its counsel had failed to disclose legal authority and "plagiariz[ed] " some of its argument

---

[4] CP at 142, 178.

[5] *See* CP at 146.

[6] Specifically, Lukashin asserted: "Furthermore, as several alleged billing statements provided indicate that the previous statement balance was paid in full, the entire alleged outstanding balance could be stemming from unauthorized transactions, for which the Defendant would not be responsible." CP at 181.

[7] At a December 2, 2011 hearing regarding whether Lukashin was entitled to compensation for Capital One's failure to appear at some preliminary hearings, Capital One asserted that at the time of a January 2011 hearing, it was "in the process of getting more documents because of recent case law which was made." Verbatim Report of Proceedings (VRP) (Dec. 2, 2011) at 16. Capital One also seemed to say it was gathering additional documents as late as April 1, 2011. Lukashin construed these statements as admissions that Capital One did not have the September 2006 through November 2008 account statements until well after the affidavit's April 2010 date.

from an unpublished case without disclosing the source[8]; and (5) Capital One or its counsel attempted to submit documents with the April 2010 affidavit that it did not obtain until after April 2010. The superior court denied these motions.

On December 19, 2011, Lukashin responded to the summary judgment motion. Citing *Citibank South Dakota N.A. v. Ryan*, 160 Wn. App. 286, 247 P.3d 778 (2011) (*Ryan*), and *Discover Bank v. Bridges*, 154 Wn. App. 722, 726, 226 P.3d 191 (2010) (*Bridges*), she argued that she did not have a duty to respond to the summary judgment motion with specific factual claims because Capital One did not present "'adequate affidavits'" to support its motion. CP at 293. She also argued that Capital One was required to present a copy of the "contract" and that it had failed to do this. CP at 294. In addition, she reiterated her argument from her previous motions that the April 2010 affidavit failed to state that it related to the account statements Capital One had submitted in support of its summary judgment motion.

Capital One replied that (1) the April 2010 affidavit was sufficient under CR 56(e), (2) it had established that the account statements were business documents under RCW 5.45.020, and (3) it had provided sufficient documentation to show that Lukashin had assented to and acknowledged the credit card agreement because she had made charges and payments on the credit card and had "acknowledge[d]" in her answer she had a credit card ending in 8703. CP at 309. Capital One also noted that Lukashin had not provided any affidavits or documentation contradicting Capital One's evidence.

---

[8] CP at 359; *see also* VRP (Jan. 27, 2012) at 57.

No. 43115-7-II

On January 6, 2012, the superior court heard the summary judgment motion.[9] At the hearing, Capital One stated that because it had failed to present any documentation of the account from November 25, 2008 through July 25, 2009, it was willing to rely on the amount due from the November 2008 account statement, rather than the June 2009 account statement. It also stated that it was willing to forgo any additional interest that may have accrued after the November 2008 statement. Lukashin argued, as she had in previous motions, that because the account statements Capital One had provided demonstrated that the Capital One account had been paid in full on two occasions, the balance on the November 2008 account statement "could have been paid" and that the later charges could have been unauthorized.[10] Verbatim Report of Proceedings (VRP) at 47. But she did not provide any documentation or an affidavit or declaration supporting these assertions.

During its argument, Capital One briefly mentioned *Capital One Bank v. Plumb*, noted at 165 Wn. App. 1008 (2011), an unpublished Division Three opinion that had a record similar to the one here. Over Lukashin's objection, the superior court allowed Capital One to mention *Plumb*. Although Capital One described *Plumb*, Capital One specifically stated that it

---

[9] The court also addressed Lukashin's second motion to dismiss, a CR 11 motion, and a motion for sanctions under CJC 2.5. We discuss those motions above.

[10] She also presented argument related to her various affirmative defenses. Although Lukashin requests that we reverse the summary judgment order and remand "with instructions to dismiss under unclean hands or equitable estoppel doctrine," she presents no argument related to the affirmative defenses. Br. of Appellant at 4. Accordingly, these defenses are not at issue on appeal. RAP 10.3(a)(6); *R.A. Hanson Co. v. Magnuson*, 79 Wn. App. 497, 505, 903 P.2d 496 (1995), *review denied*, 129 Wn.2d 1010 (1996).

6

understood that the case was not authority and that it was merely describing "the reasoning that other courts have used." VRP at 43.

The superior court found that Capital One's documentation was sufficient to establish a contract under *Bridges* and granted Capital One's summary judgment motion. The court awarded Capitol One (1) $2,058.44 in principal (the outstanding balance from the November 2008 statement, (2) no interest, and (3) $299.50 in costs.[11]

Lukashin moved for reconsideration. In her motion for reconsideration, she argued that the superior court erred in (1) allowing Capital One to discuss *Plumb*, (2) relying on Capital One's improperly presented and incomplete records, and (3) basing its award on the November 2008 statement's balance. She also discussed a Wall Street Journal article she had discovered that questioned the reliability of Capital One's records. The superior court denied the motion for reconsideration. Lukashin appeals.

ANALYSIS

I. ADMISSION OF ACCOUNT STATEMENTS

Lukashin first argues that the superior court erred in admitting and considering the account statements attached to Capital One's motion for summary judgment. She contends that Capital One has failed to show that these records were admissible under RCW 5.45.020, because (1) the April 2010 affidavit does not explicitly identify the records attached to the summary

---

[11] The superior court offset this award with a $150 penalty related to Capital One's failure to appear at a preliminary hearing.

judgment motion, and (2) the record shows that Capital One was gathering documentation well after April 2010. We disagree.

"We review a trial court's decision to admit or exclude business records for a manifest abuse of discretion." *Bridges*, 154 Wn. App. at 726 (citing *State v. Garrett*, 76 Wn. App. 719, 722, 887 P.2d 488 (1995)). "A trial court abuses its discretion when it bases its decision on unreasonable or untenable grounds." *Bridges*, 154 Wn. App. at 726 (citing *Dix v. ICT Group, Inc.*, 160 Wn.2d 826, 833, 161 P.3d 1016 (2007)).

RCW 5.45.020 provides:

> A record of an act, condition or event, shall in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

In her April 2010 affidavit, Williams stated that (1) she was familiar with the "manner and method by which Capital One maintains its normal business books and records, including *computer records of defaulted accounts*," CP 47 (emphasis added); (2) the records were made in the course of regularly conducted business activity either at or near the time of the events or by a computer or other digital means that created contemporaneous records; and (3) the content of the records was true and correct based on her personal knowledge of how Capital One maintained it records. Williams identified the records related to the affidavit as "computer records of defaulted accounts." CP at 47. She states that these records were "made in the course of regularly conducted business activity" and that they were created either "at or near the time [of] events" or "by a computer or other similar digital means, which contemporaneously records an

event as it occurs." CP at 47. Thus, on its face, the April 2010 affidavit satisfies RCW 5.45.020's requirements.

Lukashin argues, in effect, that the affidavit does not adequately identify the records as the records Capital One submitted in support of its summary judgment motion and that the record shows Capital One argued that the April 2010 affidavit supported the admission of these records even though it knew that these records were discovered or created well after Williams signed the affidavit. It is true that the records attached to the affidavit were not specifically referred to by name or date in the affidavit. And although it certainly seems to be the better practice to specifically identify, in the affidavit, the documents attached to the affidavit to avoid any confusion or misunderstanding, Lukashin cites to no authority to require such a reference. But, although not specific, Williams's affidavit provides sufficient information from which we can conclude that it is referring to the attached documents. Williams's affidavit stated that Lukashin had opened a Capital One account ending in the numbers 8703 and that she had used that account to make purchases. The attached documents are for an account in Lukashin's name ending in numbers 8703 and the documents show purchases, some in Lukashin's name specifically. Thus, we conclude that Williams's affidavit adequately describes the attached documents for the purposes of RCW 5.45.020.

Furthermore, although Capital One first submitted the April 2010 affidavit in support of its motion for default judgment with only the August 2009 account statement attached, there is nothing in the record showing that (1) the additional account statements were not also originally attached to the April 2010 affidavit and Capital One merely did not submit all of the documents with its motion for default judgment, or (2) Capital One discovered the additional account

9

statements after April 2010. Even though Capital One's counsel stated in a preliminary hearing that Capital One had been seeking additional documentation after April 2010, nothing in the record shows what records those were. It is pure conjecture that the documents attached to the affidavit supporting the summary judgment motion were not the documents Williams referred to in her affidavit. And, although the affidavit does not describe any documents with particularity, Lukashin does not cite any authority requiring such specific identification. Accordingly, Lukashin fails to show that the superior court abused its discretion in admitting these documents and this argument fails.[12]

## II. EVIDENCE OF AGREEMENT

Citing *Bridges* and *Ryan*, Lukashin next argues that summary judgment was inappropriate because Capital One failed to provide sufficient proof of an enforceable credit card agreement. Again, we disagree.

We review summary judgment orders de novo, engaging in the same inquiry as the superior court. *Ryan*, 160 Wn. App. at 289.

> When reviewing a summary judgment order, we review the evidence in a light most favorable to the nonmoving party. *Herron v. Tribune Publ'g Co.*, 108 Wn.2d 162, 170, 736 P.2d 249 (1987). Mere allegations or conclusory statements of facts unsupported by evidence do not sufficiently establish such a genuine issue. *Baldwin v. Sisters of Providence in Wash., Inc.*, 112 Wn.2d 127, 132, 769 P.2d 298 (1989). In addition, the nonmoving party "may not rely on speculation, argumentative assertions that unresolved factual issues remain, or on having its affidavits considered at face value." *Seven Gables Corp. v. MGM/UA Entm't Co.*, 106 Wn.2d 1, 13, 721 P.2d 1 (1986). After the moving party submits adequate

---

[12] Lukashin also argues that the superior court erred when it decided the summary judgment motion based on inadmissible evidence. Because we hold that the superior court did not err in admitting these documents, this argument fails.

10

affidavits, the nonmoving party must set forth specific facts rebutting the moving party's contentions and disclose that a genuine issue of material fact exists. *Seven Gables*, 106 Wn.2d at 13.

*Bridges*, 154 Wn. App. at 727.

Lukashin is correct that Capital One never produced a customer agreement. But she fails to establish that a customer agreement was the only way Capital One could establish its claim.

In *Bridges*, we stated, "To establish a claim, Discover Bank had to show that the Bridgeses mutually assented to a contract by accepting the cardmember agreement and personally acknowledged their account." 154 Wn. App. at 727. The deficiency in *Bridges* was the absence of any personalized acknowledgement of an agreement. *Bridges*, 154 Wn. App. at 727-28; *see also Ryan*, 160 Wn. App. at 293 (similarly requiring proof of personal "assent" to or "acknowledgement" of the cardholder agreement). Here, despite the fact Capital One did not produce any signed contract, agreement, or payment instrument, (1) Lukashin admitted in her answer that she had "a certain credit card account bearing a number ending in 8703," the same four digits as the Capital One card, CP at 28; and (2) although Lukashin never admitted this card was a Capital One card, several account statements clearly show that the Capital One card was used to charge an airline ticket and rental car for Heather Lukashin, and that regular on-line ACH payments were made. Unlike *Bridges* or *Ryan*, Lukashin's admission that she had a card ending in 8703 and these purchases, which were specifically tied to Lukashin, were sufficient to show that Lukashin personally acknowledged and assented to the terms of the credit card agreement. Accordingly, this argument fails.

### III. AMOUNT OF JUDGMENT

Lukashin next argues that the superior court erred when it relied on the balance from the November 2008 account statement when setting the damages. She asserts that the superior court should not have relied on this amount because Capital One did not present a full set of account statements, she could have paid off the outstanding balance from the November 2008 account statement, and someone else could have made unauthorized charges on the account after she paid it off.

Capital One presented both the November 2008 account statement showing a $2,058.44 balance, and the August 2009 account statement showing a balance of $2,815.86, and stating that Lukashin had not made any payments for six months. Lukashin did not present any evidence, or even affirmatively allege, that she had made any payments on the account after November 28, 2008; she merely argued that she *could have* made payments that were not reflected because of the missing statements and that the August 2009 account statement *could have* included unauthorized charges. Although it was not Lukashin's responsibility to initially submit any proof, once Capital One submitted adequate affidavits to support its case, as was the case here, it was her responsibility to present sufficient specific facts to rebut Capital One's contentions and demonstrate that there was an issue of material fact. *Bridges*, 154 Wn. App. at 727 (citing *Seven Gables*, 106 Wn.2d at 13). Her bare assertion that there *could have* been other payments not reflected in the account statements because Capital One did not submit the account statements from December 2008 through July 2009, is not enough to create a question of fact. Accordingly, the superior court did not err in accepting Capital One's offer to resolve this case based on the balance in the earlier statement.

## IV. Misconduct Claims

Lukashin next appears to argue that the superior court erred when it allowed Capital One to refer to *Plumb*, an unpublished case, in argument on January 6, 2012, and refused to impose sanctions for Capital One's counsel "plagiarizing" from the *Plumb* case in its December 30, 2011 reply to her response to the summary judgment motion. Br. of Appellant at 16; Reply Br. at 27. She also appears to challenge the superior court's denial of her January 17, 2012 CR 11 motion for sanctions based on this act and its refusal to reconsider this issue.

Lukashin cites no law requiring a superior court to impose CR 11 sanctions for a party's citing to or using a substantially similar analysis from an unpublished case. Furthermore, Capital Bank was not attempting to rely on the unpublished case as precedential authority, but, rather, used the unpublished case to help structure its argument, which was supported by appropriate citations. Accordingly this argument fails.[13]

Lukashin next appears to argue that the superior court erred in failing to sanction Capital One's counsel for her bad faith misrepresentation of the account statements attached to the summary judgment motion as the records referred to in the April 2010 affidavit. As discussed above, Lukashin has not shown that Capital One misrepresented the statements attached to its

---

[13] In her January 17, 2012 CR 11 motion, Lukashin cited to *Iowa Supreme Court Bd. of Professional Ethics and Conduct v. Lane*, 642 N.W.2d 296 (2002). But that case addressed an attorney's plagiarism of a treatise and a request for 80 hours of attorney fees for work preparing the brief containing the plagiarized information, not an attorney's use of an unpublished legal opinion to structure an argument supported by other, legitimate citations. Accordingly, that case is inapposite.

summary judgment motion as being related to the April 2010 affidavit. Accordingly, this argument also fails.[14]

### V. Request for Sanctions and Attorney Fees and Costs on Appeal

Lukashin asks us to impose sanctions sufficient to deter future misconduct should we determine that Capital One or its counsel engaged in misconduct. Because Lukashin has not demonstrated that Capital One or its counsel engaged in any misconduct, we deny this request.[15]

Finally, Lukashin requests costs and fees on appeal. A prevailing party may recover attorney fees on appeal if "applicable law grants to a party the right to recover reasonable attorney fees" and the party devotes "a section of its opening brief to the request for the fees." RAP 18.1(a), (b). Lukashin is not the prevailing party here. Furthermore, she merely requests attorney fees and costs without citation to authority or devoting a section of her brief to the request. Accordingly, we deny her request for fees and costs on appeal.

---

[14] To the extent Lukashin presents additional argument outside the scope of her opening brief in her reply brief, we do not consider it. RAP 10.3(c); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

[15] To the extent Lukashin presents additional argument outside the scope of her opening brief in her reply brief, we do not consider it. RAP 10.3(c); *Cowiche Canyon*, 118 Wn.2d at 809.

No. 43115-7-II

We affirm.[16]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Johanson, J.

We concur:

Worswick, C.J.

Tollefson, J.P.T.

---

[16] We have also considered Lukashin's amended statement of additional authorities citing several additional cases, evidentiary rules, and rules of appellate procedure. These additional citations primarily restate legal premises and rules that we have already considered and do not alter our opinion.