

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2013 APR 29  AM 10: 03

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| EVANGELINE SALDE and MAGNO SALDE, husband and wife and the marital community do composed, | DIVISION ONE |
| Appellants, | No. 68145-1-I |
| | UNPUBLISHED OPINION |
| v. | |
| ARNOLD YAGEN and ELIZABETH YAGEN, husband and wife and the marital community do composed, | |
| Respondents. | FILED: April 29, 2013 |

DWYER, J. — Tenants Evangeline and Magno Salde appeal the trial court's dismissal of their personal injury suit against their landlords, Arnold and Elizabeth Yagen. Because the evidence does not establish notice, actual or constructive, of a defect or dangerous condition, the landlords are not liable under any of the legal theories advanced by the tenants. We affirm the summary judgment dismissal of the complaint.

I

The Yagens purchased a house in SeaTac in 2001. The home has a living room fireplace with a stone face veneer surrounding the fireplace and chimney structure. The veneer consists of large stones of various sizes held in place by mortar. It appears to have been built in the mid-to-late 1960s. In November 2007, the Yagens leased the home to the Saldes.

One day in June 2009, Evangeline Salde noticed that one of the stones above the mantle had become loose and was about to fall. She tried to hold it in place so the stone would not hit a child who was playing in front of the fireplace. But she was unable to do so, and the stone gave way and hit her on the shoulder.

The Saldes filed a lawsuit against the Yagens alleging that they negligently failed to inspect and maintain the premises. The Yagens moved for summary judgment, asserting that they had no notice or knowledge that the fireplace façade was in need of repair. The trial court granted the motion and dismissed the tenants' lawsuit. The tenants appeal.

II

We review a trial court's order granting summary judgment de novo. Torgerson v. One Lincoln Tower, LLC, 166 Wn.2d 510, 517, 210 P.3d 318 (2009). Summary judgment is appropriate only if the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. CR 56(c). A material fact is one on which the outcome of the litigation depends in whole or in part. Atherton Condo. Apartment–Owners Ass'n Bd. of Dirs. v. Blume Dev. Co., 115 Wn.2d 506, 516, 799 P.2d 250 (1990). The court must consider all facts submitted and all reasonable inferences from the facts in the light most favorable to the nonmoving party. Atherton Condo, 115 Wn.2d at 516.

If the moving party submits sufficient evidence, the burden shifts to the nonmoving party, who must rebut the moving party's contentions or show that a genuine issue exists. Discover Bank v. Bridges, 154 Wn. App. 722, 727, 226 P.3d 191 (2010). Mere allegations and conclusory statements are insufficient to establish a genuine issue. Bridges, 154 Wn. App. at 727. The nonmoving party cannot rely on speculation or argumentative assertions that genuine issues remain. Bridges, 154 Wn. App. at 727.

The tenants' complaint alleged only common law negligence. But in their response to the landlords' motion for summary judgment, the tenants set forth additional theories of liability under the Residential Landlord-Tenant Act of 1973 (RLTA), chapter 59.18 RCW, and the rental agreement. The tenants, however, failed to identify evidence sufficient to sustain a claim under any of these theories.

It is uncontested that the landlords did not have actual notice that the fireplace stone façade was dangerous or in need of repair. The tenants admit that prior to the accident, they had not noticed any defects and consequently had not asked the landlords to inspect or repair the structure. After the stone fell, the tenants saw epoxy residue where the stone had been attached to the wall, suggesting a previous repair. But before the stone became detached from the wall, there was no visible evidence of a prior repair and nothing caused the tenants to suspect that a prior attempted repair was about to fail. Nothing in the record contradicts the landlords' assertion that they made no repairs to the

fireplace exterior or noticed any loose stones, cracks, or other structural defects during the approximately seven years that they lived in the house.

The tenants nonetheless argue that "visible cracks" in the masonry existed prior to the leasehold putting the landlords on notice of the dangerous condition. The facts in the record do not support this premise. The tenants rely on the declaration of an architect they submitted in opposition to the landlords' motion for summary judgment. The architect, Christopher Bollweg, visually inspected the fireplace exterior in November 2011, two and a half years after the incident. Bollweg observed "large cracks in the masonry obvious to a non-professional." He further stated:

> At the ceiling near the fireplace there is extensive water damage. The area is discolored, and the ceiling sags. In the vicinity of the water damage, there is a rock missing, and clearly visible cracked mortar. Based on the discoloration and the amount of cracks, these defects appear to be old, and likely predate June 2009.

Essentially, the tenants argue that the landlords had constructive notice of the dangerous condition because of "visible cracks" observed in 2011. The tenants claim that because the landlords lived in the house for several years before renting it out in 2007, they would have or should have known about the danger posed by defects in the masonry. But while the expert characterized the "defects" as "old," he determined only that they "likely" existed before June 2009. The expert expressed no opinion about whether and to what extent the problems he observed existed before the lease took effect in 2007.

Citing a federal district court case, Pinckney v. Smith, 484 F.Supp.2d 1177 (W.D. Wash. 2007), and a case decided by Division Three of this court, Tucker v.

Hayford, 118 Wn. App. 246, 75 P.3d 980 (2003), the tenants contend that notice is irrelevant because the landlords violated one of the duties enumerated in RCW 59.18.060, the statute designed to ensure that rental properties are fit for human habitation. This argument fails for several reasons. First, the tenants fail to appreciate the context of those cases. In Pinckney, the landlord had knowledge of the dangerous condition (the absence of a handrail on a staircase). 484 F.Supp.2d at 1180. It was also undisputed that the absence of a handrail was a violation of Seattle's minimum building standards and that those standards were in effect when the landlord rented the premises to the tenant. The landlord argued that knowledge of the condition was not enough absent specific notice of the need for repair. Pinckney, 484 F.Supp.2d at 1180. The court rejected this argument and determined that the landlord had a common law duty to ensure compliance with applicable building codes before leasing the apartment to the tenant. Pinckney, 484 F.Supp.2d at 1181. The circumstances here are not analogous because there is no comparable evidence of the landlords' actual or constructive knowledge of a dangerous condition that existed at the outset of the tenancy.

In Tucker, the tenants became ill from drinking contaminated well water and claimed that the landlord breached the lease agreement. The lease contained an express provision requiring the lessor to maintain and repair the leased premises. The court determined that the landlord's awareness of the contamination was not necessary to a determination of breach. Tucker, 118 Wn. App. at 252-53. Nevertheless, the court made it clear that even where the

contract expressly requires the landlord to maintain the premises, if the unsafe condition is inside the residence where the landlord does not have a right to regular access, there must be evidence of notice of the condition. Tucker, 118 Wn. App. at 252-53. The lease here contained no express covenant to repair. Even if there were such a provision, the analysis in Tucker suggests that the landlords would not be liable for breach in the absence of notice.[1]

In short, the authority does not support the tenants' claim that no notice is required. They also fail to offer sufficient proof to establish that the landlords violated the implied warranty of habitability under the RLTA. RCW 59.18.060 requires landlords to "at all times during the tenancy keep the premises fit for human habitation." The tenants cite subsections (1) and (2) which specifically require that a landlord must:

> (1) Maintain the premises to substantially comply with any applicable code, statute, ordinance, or regulation governing their maintenance or operation, which the legislative body enacting the applicable code, statute, ordinance or regulation could enforce as to the premises rented if such condition endangers or impairs the health or safety of the tenant;
>
> (2) Maintain the structural components including, but not limited to, the roofs, floors, walls, chimneys, fireplaces, foundations, and all other structural components, in reasonably good repair so as to be usable.

RCW 59.18.060(1), (2).

Although the tenants argue on appeal that the condition of the stone surface was not in compliance with a provision of the International Property Maintenance Code adopted by the City of SeaTac pertaining to the maintenance

---

[1] While the tenants raised a claim under the rental agreement in the trial court, they abandoned this theory of liability on appeal.

of interior surfaces, this argument was not considered below because the tenants failed to raise it in a timely manner. See RAP 9.12 (reviewing a grant of summary judgment, we consider solely the issues and evidence the parties called to the trial court's attention on motion for summary judgment). And not every code violation implicates the implied warranty of habitability. A code violation must result in a level of dangerousness that substantially "endangers or impairs" the tenants' health or safety. RCW 59.18.060(1). Or the tenant must show that a "structural component" such as a fireplace or chimney is in a state of disrepair so as not to be "usable." RCW 59.18.060(2). Apart from bare and conclusory allegations, the tenants make no showing that the alleged code violation meets either of these standards.[2]

The evidence offered by the tenants failed to raise a genuine issue of material fact as to whether the landlords had notice of a defect or whether a violation of RCW 59.18.060 occurred. Summary judgment was properly granted.

Affirmed.

We concur:

---

[2] In addition, the tenants speculate that future discovery may lead to information showing the landlords had knowledge of the defective condition of the fireplace stone façade. Such speculation is not, however, sufficient to defeat summary judgment.