# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| FINANCIAL ASSISTANCE, INC., a Washington Corporation, | No. 50393-0-II |
| Respondent, | |
| v. | |
| RUTH BENNETT, | UNPUBLISHED OPINION |
| Appellant. | |

Lee, J. — Ruth Bennett appeals the superior court's order granting summary judgment in favor of Financial Assistance, Inc. in this debt collection action. We affirm.

## FACTS

Financial Assistance is a Washington debt collection agency. O Bee Credit Union assigned Bennett's $16,182.51 debt to Financial Assistance for collection. On December 26, 2016, Financial Assistance served Bennett with a copy of a summons and complaint for judgment on the assigned debt. On February 7, 2017, Financial Assistance filed the complaint in Thurston County Superior Court.

On March 13, Financial Assistance filed a motion for summary judgment. The motion for summary judgment was noted for May 12. The motion for summary judgment was mailed to Bennett on April 13.

In support of the motion for summary judgment, Financial Assistance included a declaration from the O Bee Credit Union's recovery specialist stating that the remaining balance due on Bennett's account was $16,182.51 and that the claim had been assigned to Financial Assistance for collection purposes. Financial Assistance also provided a copy of Bennett's credit agreement and a copy of Bennett's transaction summaries showing a balance of $16,182.51.

Bennett filed a motion to dismiss on May 11, the day before the superior court ruled on Financial Assistance's motion for summary judgment. Bennett did not note the motion for hearing before the superior court. The motion to dismiss argued that Financial Assistance lacked standing because it did not acquire any rights to assigned property. Bennett also argued that Financial Assistance had not been properly assigned the debt because the complaint mistakenly stated the debt was held by America's Credit Union, and that Financial Assistance had failed to prove a contract existed between it and O Bee credit union.

The superior court heard Financial Assistance's motion for summary judgment on May 12. Bennett told the superior court that she believed the matter should be dismissed. The superior court stated that only the motion for summary judgment was before the court because no other motions had been noted. The superior court granted Financial Assistance's motion for summary judgment.

After the superior court ruled on summary judgment, Bennett stated:

> In the summons that was supposedly served on me, it said that the plaintiff had 14 days to file its summons and complaint, and they did not file it timely. It was about a week later. And then I received the notice of that plus the summary judgment motion notice ten weeks later. So then I had to scramble to—and prior to that untimely service, I put in my answer with affirmative defenses and my counterclaim to that.

> I have a production of documents request out. They have not given me anything, absolutely nothing. I've asked for a full accounting, because there was a dispute. I have not received that. I have no contract between myself and Financial Assistance, Inc., no contract even between myself and O'Bee [sic] Credit Union. I have no signed contract.

Verbatim Report of Proceeding (VRP) at 8-9. The superior court acknowledged Bennett's statements but did not substantively address them.

The superior court entered judgment against Bennett. Bennett appeals.

ANALYSIS

A.      STANDING

Bennet argues that Financial Assistance does not have standing because it is not properly qualified as a debt buyer. Specifically, Bennett claims that Financial Assistance is not licensed or bonded as required by chapter 19.16 RCW. However, Financial Assistance asserted that it was a collection agency in good standing in Washington. There is no evidence in the record supporting Bennett's claim that Financial Assistance is not properly licensed or bonded under Washington law.

RCW 4.08.080 provides:

> Any assignee or assignees of any judgment, bond, specialty, book account, or other chose in action, for the payment of money, by assignment in writing, signed by the person authorized to make the same, may, by virtue of such assignment, sue and maintain an action or actions in his or her name.

Financial Assistance provided a written declaration stating that it had been assigned Bennett's debt from O Bee Credit Union. As an assignee of the debt, Financial Assistance had standing to bring this action.

3

No. 50393-0-II

B.    SUMMARY JUDGMENT

Bennett claims the superior court erred by granting Financial Assistance's motion for summary judgment. We disagree.

We review summary judgment orders de novo. *Ranger Ins. Co. v. Pierce County*, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). Summary judgment is appropriate if, when viewing the facts in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). A genuine issue of material fact exists when reasonable minds could reach different conclusions. *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 601, 200 P.3d 695 (2009). "Mere allegations or conclusory statements of facts unsupported by evidence do not sufficiently establish such a genuine issue." *Discover Bank v. Bridges*, 154 Wn. App. 722, 727, 226 P.3d 191 (2010).

To establish a claim, Financial Assistance had to show that Bennett "mutually assented to a contract by accepting the cardmember agreement and personally acknowledged [her] account." *Bridges*, 154 Wn. App. at 727. Here, Financial Assistance provided a copy of Bennett's signed cardholder agreement. Bennett did not provide any evidence to the court. At the motion on summary judgment, Bennett claimed,

> There is no contract in place. There is no assignment. They have not provided any documents. They have not verified the debt.

VRP at 6. However, this mere conclusory statement is not sufficient to create a genuine issue of material fact. *See Bridges*, 154 Wn. App. at 727. Accordingly, even when the evidence is viewed in the light most favorable to a nonmoving party, which is Bennett here, there were no genuine

4

issues of material fact, and the superior court did not err by granting Financial Assistance's motion for summary judgment.

C.      OTHER ARGUMENTS

Bennett makes several additional arguments that we decline to consider because they were not properly raised in the superior court. Specifically, Bennett challenges the complaint under CR 3, argues that Financial Assistance's motion for summary judgment was not properly noted under the timeline in CR 56, and challenges the superior court's order granting Financial Assistance's motion for summary judgment before discovery was completed. Because these issues were not properly raised before the superior court, we decline to consider them.

Generally, we will decline to consider issues raised for the first time on appeal. RAP 2.5(a). Here, although Bennett claims that she raised a challenge to the complaint based on CR 3's filing timeline, she did not file a motion to dismiss based on a violation of CR 3. The record shows that it was only *after* the superior court had already ruled on the motion for summary judgment that Bennett simply stated:

> In the summons that was supposedly served on me, it said that the plaintiff had 14 days to file its summons and complaint, and they did not file it timely.

VRP at 8. We do not consider this a sufficient challenge to the service or the filing of the complaint to warrant appellate review.[1]

---

[1] In addition, we note that the argument that service is void under CR 3 is essentially an argument to dismiss for insufficient service of process under CR 12(b)(5). CR 3 states that "Upon written demand by any other party, the plaintiff instituting the action shall pay the filing fee and file the summons and complaint within 14 days after service of the demand or the service shall be void." Because Bennett did not make a CR 12(b)(5) motion to dismiss for insufficient service of process, she has waived it. CR 12(g), 12(h)(1).

Similarly, Bennett did not timely object to the timing of the note for the summary judgment. Although Bennett claimed she received untimely service for the CR 56 motion, she made this statement *after* the superior court had already ruled on the motion for summary judgment. Thus, this issue was not properly raised before the trial court.

Bennett also stated that she still had discovery requests pending. But, again, she did not make this statement until *after* the superior court had already ruled on the motion for summary judgment. CR 56(f) allows a party to move to continue a summary judgment hearing if the party opposing the motion cannot present facts essential to justify the party's opposition to the motion and provides that the court may order a continuance to permit affidavits to be obtained, depositions to be taken, or discovery to be conducted. However, Bennett did not request additional time to prepare for summary judgment under this rule. Thus, Bennett failed to properly raise this issue before the trial court.

Finally, Bennett claims that the superior court should have applied a more lenient standard toward her as a pro se litigant. Bennett cites numerous cases that apply a more liberal standard to pro se litigants. However, these are federal cases. In Washington, courts do not distinguish between pro se litigants and attorneys—both are held to the same procedural and substantive rules. *In re Marriage of Olson*, 69 Wn. App. 621, 626, 850 P.2d 527 (1993). Accordingly, we do not apply a more liberal standard to Bennett due to her pro se status.

## ATTORNEY FEES

Financial Assistance requests attorney fees. However, RAP 18.1(b) requires that the party requesting attorney fees must "devote a section of its opening brief to the request for the fees or expenses." Here, Financial Assistance did not devote a section of its brief to its request for attorney

fees, but rather included only one sentence requesting attorney fees in its conclusion. Therefore, we decline to consider Financial Assistance's request for attorney fees.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, C.J.

Melnick, J.