# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CITIBANK, N.A., NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF NRZ PASS-THROUGH TRUST VI, | No. 53747-8-II |
| Respondent, | |
| v. | |
| DANIEL C. PETERSON; KRISTY PETERSON AKA KRISTI J. PETERSON, | UNPUBLISHED OPINION |
| Appellants, | |
| DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE; GLEN ACRES HOMEOWNER'S ASSOCIATION; DOES 1-10 INCLUSIVE; UNKNOWN OCCUPANTS OF THE SUBJECT REAL PROPERTY; PARTIES IN POSSESSION OF THE SUBJECT REAL PROPERTY; PARTIES CLAIMING A RIGHT TO POSSESSION OF THE SUBJECT PROPERTY; ALL OTHER UNKNOWN PERSONS OR PARTIES CLAIMING ANY RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE REAL ESTATE DESCRIBED IN THE COMPLAINT HEREIN, | |
| Defendants. | |

LEE, C.J. — Daniel and Kristi Peterson[1] appeal the superior court's order granting summary

judgment in favor of Citibank, N.A., not in its individual capacity, but solely as trustee of NRZ

---

[1] We refer to Daniel and Kristi Peterson collectively as the Petersons. Because they have the same last name, we refer to Daniel and Kristi individually by their first names for clarity and intend no disrespect.

pass-through trust VI, and entering a judgment of foreclosure. The Petersons argue the superior court erred because there were genuine issues of material fact as to whether the attorneys had the authority to represent Citibank and whether the adjustable rate note was authentic and enforceable. The Petersons also request attorney fees on appeal based on the attorney fees provision in the adjustable rate note.

Because there is no genuine issue of material fact regarding the attorney's authority to represent Citibank, the superior court did not err. However, because the Petersons' declarations raise a genuine issue of material fact as to the authenticity of the adjustable rate note and deed of trust, summary judgment was improper. Finally, because the authenticity of the adjustable rate note is at issue, we do not award attorney fees on appeal based on the attorney fees provision in the adjustable rate note. Accordingly, we reverse and remand to the superior court for further proceedings.

FACTS

In October 2016, Citibank filed a complaint for foreclosure against the Petersons. The foreclosure was based on a 2005 adjustable rate note which secured a $120,000.00 loan on property located in Shelton, Washington. The lender identified in the note was First Magnus Financial Corporation. The note was signed by Daniel Peterson. The note also contained three endorsements: (1) from First Magnus Financial Corporation to Countrywide Document Custody Services, A Division of Treasury Bank, N.A.; (2) from Countrywide Document Custody Services, A Division of Treasury Bank, N.A. to Countrywide Home Loans Inc.; and (3) from Countrywide Home Loans, Inc. to a blank endorsement.

The Deed of Trust securing the adjustable rate note identified Daniel Peterson as the borrower, First Magnus Financial Corporation as the lender, Land Title Company as the Trustee,

and the Mortgage Electronic Registration Systems, Inc. as the beneficiary. The Deed of Trust was signed by both Daniel Peterson and "Kristy Peterson." Clerk's Papers at 31. The family rider attached to the Deed of Trust was also signed by Daniel Peterson and "Kristy Peterson." CP at 36.

The Petersons filed an answer to the complaint in October 2018. In their answer, the Petersons specifically challenged the authenticity of the adjustable rate note.

Citibank filed a motion for summary judgment. In support of the summary judgment motion, Citibank relied on the declaration of Lauren Jowers. Jowers is a foreclosure specialist for Fay Servicing, the servicer of the loan for Citibank. Jowers declared that, as part of her job, she was familiar with the records maintained by the loan servicer. Based on these records, she identified the adjustable rate note executed by Daniel and the Deed of Trust. Jowers stated that Daniel defaulted on the loan and the default has not been cured. Jowers stated that the current amount owed was $209,977.33. Jowers also declared, in part to support the request for attorney fees, that the servicer of the loan retained the attorneys, McCarthy & Holthus, LLP, for Citibank to prosecute the foreclosure action.

In response to the motion for summary judgment, the Petersons disputed the authenticity of the adjustable rate note and deed of trust, and argued that Citibank's attorneys did not have authority to represent Citibank. In support of their response, Daniel and Kristi both submitted declarations. Kristi's declaration specifically stated that she disputed the adjustable rate note because she did not sign it. She also declared that she did not sign the Deed of Trust and that she has never signed any document with her name spelled "Kristy." CP at 63. Kristi included copies of her driver's license and birth certificate showing her name is legally spelled "Kristi" not Kristy. CP at 68, 70 (some capitalization omitted). Daniel similarly declared that he did not sign the adjustable rate note. He also disputed his signature on the Deed of Trust. He specifically declared

3

that the signatures on the adjustable rate note and Deed of Trust were not in his handwriting and he believed them to be forgeries.

The Petersons also filed a declaration from their attorney in support of the allegation that Citibank's attorneys did not have authority to represent Citibank. In his declaration, the Peterson's attorney stated,

> 3.     Most of the litigation I have been doing over the past decades involves foreclosures. I know, based on this experience, that servicers conduct foreclosure litigation on behalf of trustees, like Citibank, pursuant to Powers of Attorney, which does not create an attorney-client relationship between the servicer's attorney and the Trustee/fiduciary. Further, it is my experience that such power of attorneys do not require the attorneys for servicers to take into account the fiduciary duties the Trustee owes to certificate holders.

> 4.     Given that declarant Jowers works for the Servicer, and there is no evidence that John Thomas or McCarthy Holthus has an attorney-client relationship with the Plaintiff Citibank, I request this Court order these attorneys to prove by what authority they act on behalf of the purported Plaintiff pursuant to Ch. 2.44 RCW.

CP at 72.

The superior court granted Citibank's motion for summary judgment and entered a judgment and decree of foreclosure in favor of Citibank. The Petersons appeal.

ANALYSIS

A.     LEGAL PRINCIPLES

We review summary judgment orders de novo. *Washington Federal v. Azure Chelan, LLC*, 195 Wn. App. 644, 652, 382 P.3d 20 (2016). Summary judgment is appropriate if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. CR 56(c). "'A material fact is one upon which the outcome of the litigation depends.'" *Id.* (quoting *Dong Wan Kim v. O'Sullivan*, 133 Wn. App. 557, 559, 137 P.3d 61 (2006), *review denied*, 159 Wn.2d 1018 (2007)). "Mere allegations or conclusory statements of facts unsupported by evidence

4

do not sufficiently establish such a genuine issue." *Discovery Bank v. Bridges*, 154 Wn. App. 722, 727, 226 P.3d 191 (2010). We review facts and inferences in the light most favorable to the non-moving party. *Washington Federal*, 195 Wn. App. at 652.

"In a summary judgment motion, the moving party bears the initial burden of showing the absence of an issue of material fact." *Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). If the moving party meets this initial burden, the burden then shifts to the nonmoving party to make a sufficient showing that a genuine issue of material fact exists. *Id.* at 225-26. The nonmoving party cannot rely on speculation or conclusory statements to defeat summary judgment. *Martin v. Gonzaga University*, 191 Wn.2d 712, 722, 425 P.3d 837 (2018); *SentinelC3 v. Hunt*, 181 Wn.2d 127, 140, 331 P.3d 40 (2014). All evidence and all reasonable inferences therefrom are considered in the light most favorable to the nonmoving party. *Young*, 112 Wn.2d at 226. Summary judgment is improper if there are genuine issues of material fact. *Erhart v. King County*, 195 Wn.2d 388, 409-10, 460 P.3d 612 (2020).

We also review questions of statutory interpretation de novo. *Money Mailer, LLC v. Brewer*, 194 Wn.2d 111, 116, 449 P.3d 258 (2019). The primary purpose of statutory interpretation is to determine and enforce legislative intent. *Money Mailer*, 194 Wn.2d at 117. "'[I]f the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent.'" *Wright v. Lyft*, 189 Wn.2d 718, 723, 406 P.3d 1149 (2017) (quoting *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002)).

B.    AUTHORITY TO REPRESENT

The Petersons attempt to dispute Citibank's motion for summary judgment by arguing that a genuine issue of material fact exists regarding the attorneys' authority to represent Citibank. We disagree that a genuine issue of material fact exists.

The Petersons rely on the argument that it is an undisputed fact that the attorneys representing Citibank are employed by the servicer of the loan for Citibank, not by Citibank. But the only evidence that the attorneys may have no relationship with Citibank, or are not authorized to act on Citibank's behalf, is the declaration from the Petersons' attorney, which is based on generalizations from his experience working in foreclosures, not on personal knowledge regarding the relationship between Citibank, the loan servicer, or the attorneys representing Citibank. Accordingly, the allegations in the Petersons' attorney's declaration do not show that there is a genuine issue of material fact that would preclude summary judgment.

To the extent the Petersons argue that the superior court erred by not requiring the attorneys to provide proof of their authority to act on Citibank's behalf under RCW 2.44.030, this issue was not properly presented to the superior court, and therefore, we do not consider it.

RCW 2.44.030 states,

> The court, or a judge, may, on motion of either party, and on showing reasonable grounds therefor, require the attorney for the adverse party, or for any one of several adverse parties, to produce or prove the authority under which he or she appears, and until he or she does so, may stay all proceedings by him or her on behalf of the party for whom he or she assumes to appear.

The plain language of the statute is clear—the superior court *may* require proof of authority based on a motion.

Here, there is no record that the Petersons made a motion in the superior court based on RCW 2.44.030; instead, the Petersons merely reference RCW 2.44.030 in their response to Citibank's motion for summary judgment. Because the Peterson's did not make a motion for

Citibank's attorneys to prove their authority to represent Citibank, this issue was never properly before the superior court.[2] Accordingly, we do not consider it.[3]

C.    AUTHENTICITY OF THE ADJUSTABLE RATE NOTE AND DEED OF TRUST

The Petersons argue that they raised a genuine issue of material fact as to the authenticity of the adjustable rate note and Deed of Trust. Because Daniel filed a declaration that expressly states his signatures on the adjustable rate note and Deed of Trust are forgeries and Kristi filed a declaration stating that she did not sign the adjustable rate note and her name is spelled incorrectly on the Deed of Trust, they have established a genuine issue of material fact as to the authenticity of the documents.

RCW 62A.3-308(a) provides, in relevant part,

> In an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings. If the validity of a signature is denied in the pleadings, the burden of

---

[2] The Petersons also make reference to standing based on CR 19 (joining an indispensable party). But like RCW 2.44.030, the Peterson's failed to make the appropriate motion to dismiss on these grounds. Therefore, the standing issue was not properly before the superior court. Although standing may potentially be raised in response to a motion for summary judgment, here, the Petersons do not dispute that the named Plaintiff, Citibank, has standing. Rather, the Petersons argue that the attorneys representing Citibank do not have the *authority* to represent Citibank, which is addressed above. And any issue regarding CR 19 must be raised in a motion to dismiss under CR 12(b)(7). There is no record that such a motion was filed in the superior court.

[3] However, even if the Petersons did adequately raise the issue of the authority to represent under RCW 2.44.030, it is questionable whether reasonable grounds exist to require the attorneys representing Citibank to produce proof of their authority to represent Citibank. RCW 2.44.030 states that the superior court "may" require proof of authority. We generally interpret "may" as a permissive word that confers discretion on the superior court. *See Angelo Property Co. v. Hafiz*, 167 Wn. App. 789, 817 n.49, 274 P.3d 1075, *review denied*, 175 Wn.2d 1012 (2012). Also, RCW 2.44.030 requires a showing of "reasonable grounds" to support a motion to require production of authority to represent. The Petersons relied on their own attorneys' declaration to show "reasonable grounds." But that declaration was not based on personal knowledge regarding the relationship between Citibank, Faye Servicing, and the attorneys hired to represent Citibank. Instead, the declaration was based on generalizations from other foreclosure cases. Therefore, based on the record, there does not appear to be reasonable grounds to require the attorneys representing Citibank to produce proof of their authority to represent Citibank.

establishing validity is on the person claiming validity, but the signature is presumed to be authentic and authorized unless the action is to enforce the liability of the purported signer and the signer is dead or incompetent at the time of trial of the issue of validity of the signature.

Based on the plain language of the statute, to create a genuine issue of material fact, the Petersons must first deny the authenticity of the signatures on the adjustable rate note and Deed of Trust in the pleadings, which they did. At that point, the burden to prove the validity of the signatures shifted to Citibank. *See* RCW 62A.3-308(a). However, because neither Daniel nor Kristi are dead or incompetent, their signatures are presumed to be authentic.

Here, Daniel and Kristi have rebutted the presumption that their signatures are authentic by submitting declarations that they did not sign the documents at issue. Moreover, Kristi specifically declared that her name on the Deed of Trust is spelled incorrectly and she has never signed a document using that spelling of her name. And Kristi provided her driver's license and birth certificate showing the legal spelling of her name is "Kristi" not Kristy, as it appears on the deed of trust. These declarations are sufficient to create a genuine issue of material fact.

Contrary to Citibank's assertion, the Petersons do not need to present any additional substantive evidence of forgery to create a genuine issue of material fact as to the authenticity of their own signatures because they possess personal knowledge of what they did or did not sign. *See* CR 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge . . ."); *Lane v. Harborview Medical Center*, 154 Wn. App. 279, 286, 227 P.3d 297 (2010). On summary judgment, we view the facts in the light most favorable to the nonmoving party. *Washington Federal*, 195 Wn. App. at 652.

Thus, viewing the facts in the light most favorable to the Petersons, their declarations create a genuine issue of material fact as to the authenticity of the Petersons' signatures on the adjustable rate note and the Deed of Trust. Although this may ultimately be an issue of credibility,

issues of credibility should not be resolved at a motion for summary judgment. *Howell v. Spokane & Inland Empire Blood Bank*, 117 Wn.2d 619, 626, 818 P.2d 1056 (1991). Accordingly, a genuine issue of material fact exists regarding the authenticity of the adjustable rate note and Deed of Trust, and the superior court's order granting summary judgment should be reversed.[4]

## ATTORNEY FEES ON APPEAL

The Petersons request attorney fees on appeal under RAP 18.1 and the attorney fees provision in the adjustable rate note.

RAP 18.1(a) allows us to award attorney fees "[i]f applicable law grants to a party the right to recover reasonable attorney fees or expenses on review." Thus, attorney fees may only be awarded when authorized by a contract provision, a statute, or a recognized ground in equity. *King County v. Vinci Constr. Grands Projects/Parsons RCI/Frontier-Kemper, JV*, 188 Wn.2d 618, 625, 398 P.3d 1093 (2017). Because the Petersons have raised a genuine issue of material fact regarding the authenticity and enforceability of the adjustable rate note, we do not award attorney fees under its terms. However, the issue of attorney fees may be resolved by the superior court after the authenticity and enforceability of the adjustable rate note is determined.

---

[4] The Petersons also argue that there was a genuine issue of fact regarding the chain of title regarding the adjustable rate note because of the endorsements on the adjustable rate note and allegations regarding a split between the deed of trust and the adjustable rate note. Because there is a genuine issue of material fact regarding the authenticity of the Peterson's signatures, we do not address this issue.

Finally, to the extent the Petersons argue that the adjustable rate note and Deed of Trust were split, this can be remedied by the holder of the adjustable rate note ensuring that it regains possession of the Deed of Trust, or by creating or proving an agency relationship between the holder of the Deed of Trust and the holder of the adjustable rate note. *See Bain v. Metropolitan Mortg. Group, Inc.*, 175 Wn.2d 83, 111-114, 285 P.3d 34 (2012). Ultimately, there is nothing fundamentally fatal about the fact that the adjustable rate note and Deed of Trust *may* have been split at some time provided the interests are reconciled at the time of foreclosure. *Id.* at 114. Because remand is appropriate to resolve the factual issue regarding the authenticity of the Petersons' signatures on the adjustable rate note and Deed of Trust, we do not address this issue.

The Petersons also request attorney fees on appeal under RCW 2.44.020. RCW 2.44.020 provides,

> If it be alleged *by a party for whom an attorney appears*, that he or she does so without authority, the court may, at any stage of the proceedings, relieve the party for whom the attorney has assumed to appear from the consequences of his or her act; it may also summarily, upon motion, compel the attorney to repair the injury to either party consequent upon his or her assumption of authority.

(emphasis added). Based on the plain language of RCW 2.44.020, it only applies when the party the attorney has purported to represent alleges the attorney acted without authority—in this case that would be Citibank. RCW 2.44.020 does not entitle the Petersons to seek attorney fees on appeal.

We reverse the superior court's order granting summary judgment and remand to the superior court for further proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

                                                          _____, C.J.
                                                          Lee, C.J.

We concur:

_____
Sutton, J.

_____
Cruser, J.