**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

Filed
Washington State
Court of Appeals
Division Two

February 23, 2022

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| SOUTH SOUND RV PARK LLC, a Washington limited liability company, | No. 54462-8-II |
| Respondent/Cross-Appellant, | |
| v. | |
| CASCADE PROPERTIES PH LLC, a Washington limited liability company; DALE HUFFMAN and JANE DOE HUFFMAN, on behalf of his separate estate and marital community; and H.F. PETERSON and JANE DOE PETERSON, on behalf of his separate estate and marital community, | PUBLISHED OPINION |
| Appellants/Cross-Respondents. | |

VELJACIC, J. — South Sound RV Park (SSRP) received financing from Niwara to purchase a disused recreational vehicle (RV) park. SSRP defaulted on this loan and sought to refinance with Cascade Properties (Cascade). Cascade purchased the Niwara promissory note, extended an additional loan to SSRP, and entered into a new loan agreement (Loan Agreement) with SSRP. SSRP defaulted on both loans, and found a buyer to purchase the property to satisfy its debts. On the transaction closing day, SSRP received a payoff statement from Cascade that contained compound interest and late fees. SSRP closed the transaction, but sued Cascade to recover a refund for overpayments under the inflated payoff statement.

Both parties moved for summary judgment. In its order, the trial court denied Cascade's motion for summary judgment in part and also struck Cascade's defense of account stated.

54462-8-II

At a bench trial, the court ruled that Cascade had violated the Consumer Protection Act (CPA), chapter 19.86 RCW. Cascade appeals the trial court's partial summary judgment order striking its defense of account stated and its ruling finding a violation of the CPA.

We conclude that as a matter of law the parties' conduct satisfies the doctrine of account stated and that Cascade's conduct did not violate the CPA. Accordingly, we reverse and remand to the trial court to enter judgment dismissing SSRP's claims against Cascade.

## FACTS

Justin Bartlett, the managing member of SSRP, sought to purchase a disused RV park, improve it, and sell it. To complete the purchase, Bartlett borrowed $848,000 from Niwara. The parties memorialized the loan in a promissory note (Niwara Note). The Niwara Note was a hard money loan[1] with a 12 percent interest rate, requiring monthly interest payments with a balloon payment comprised of the entire principal amount due at the end of the loan period. The default interest rate was 24 percent. SSRP had previously taken out approximately 200 hard money loans.

The default interest provision in section 4 of the Niwara Note states:

DEFAULT INTEREST RATE. If [SSRP] defaults upon any payment when due, including monthly payments or final balloon payment, any unpaid principal, fees and interest shall bear interest at the Default Interest Rate of Twenty-Four percent (24.00%) per annum in addition to the Late Charge set forth in Section 8 below.

Clerk's Papers (CP) at 45.

SSRP defaulted on the Niwara Note, and reached out to a loan broker, to help it refinance. The broker referred SSRP to Cascade. Cascade does not advertise for its services and did not reach out to SSRP.

---

[1] Hard money loans occur between private parties and usually charge higher interest rates, including higher default interest.

54462-8-II

SSRP and Cascade entered into the Loan Agreement under which Cascade agreed to purchase the Niwara Note for $928,636.02, and advance a new loan of $186,000 to SSRP. The Loan Agreement included compound interest and a default interest rate of 24 percent. It is undisputed that SSRP defaulted on the Loan Agreement.

Instead of seeking refinancing, SSRP decided to find a buyer for the property. SSRP eventually found a buyer, and on the day of closing it received the payoff amount from the escrow company. The payoff amount included default compound interest and late charges. SSRP signed the escrow papers without any protest, and affirmed that it "READ, REVIEWED AND APPROVED" the payoff demand. CP at 13.

A few days after signing the escrow papers, SSRP contacted Cascade to dispute the payoff amount. When Cascade refused to provide a refund, SSRP sued. Both parties moved for summary judgment. SSRP sought a partial summary judgment order that the Niwara Note and the Loan Agreement did not include compound interest, that the late charge was chargeable only to the interest payments not all payments, and that Cascade's defense of account stated be stricken. Cascade's motion for summary judgment sought dismissal of SSRP's lawsuit under the doctrine of account stated (amongst other defenses), and an award of attorney fees.

The trial court entered a summary judgment order that granted and denied in part both parties' motions and included three rulings. The court determined that simple interest of 24 percent began accruing on the Niwara purchase amount of $939,478 on February 1, 2018, when SSRP defaulted. The court also determined that the 5 percent late charge was "properly assessed on the Niwara Purchase Amount." CP at 267. Lastly, the court struck Cascade's defense of account stated. The court reserved all other issues for trial.

3

After a bench trial, the trial court entered multiple findings of fact and conclusions of law relevant here. In finding 38, the court addressed the CPA issue, finding that Cascade's conduct impacted the public interest. It stated: "Given that many such loans and a majority of such loans are closed through escrow that clears existing encumbrances by getting payoff amounts from lenders, the ability to submit last minute inflated payoffs in an unregulated industry does raise the real prospect of repetition and impact on the public." CP at 477.

Conclusion 59 states that Cascade violated the CPA: "Cascade has engaged in unfair and deceptive acts impacting the public interest in a manner that may be replicated thus violating the Washington Consumer Protection Act, RCW 19.86.020 entitling Plaintiff to damages of $94,714.12 and treble damages in the amount of $25,000 based upon such limitation set by RCW 19.86.090." CP at 479. In conclusion 60, the court stated, "Prejudgment interest at the contract default rate of 24% from September 28, 2018 until entry of judgment is warranted." CP at 479.

Cascade appeals the trial court's partial summary judgment order striking the defense of account stated and its conclusion that Cascade violated the CPA.

ANALYSIS

I.    DOCTRINE OF ACCOUNT STATED

Cascade argues that because SSRP signed the escrow papers and did not indicate on the papers its objection to the payoff amount, SSRP waived its claim under the doctrine of account stated and the doctrine should not have been stricken at summary judgment. SSRP argues that the doctrine of account stated does not apply to the type of transaction in this case. We conclude that the parties' conduct satisfies the doctrine of account stated, and therefore the trial court should have granted judgment to Cascade.

4

54462-8-II

A.      Standard of Review

We review a trial court's order granting summary judgment dismissal de novo, and perform the same inquiry as the superior court. *Strauss v. Premera Blue Cross*, 194 Wn.2d 296, 300, 449 P.3d 640 (2019); *RockRock Grp., LLC v. Value Logic, LLC*, 194 Wn. App. 904, 913, 380 P.3d 545 (2016). We consider the facts and the inferences from the facts in a light most favorable to the nonmoving party. *Bremerton Pub. Safety Ass'n v. City of Bremerton*, 104 Wn. App. 226, 230, 15 P.3d 688 (2001). The court may grant summary judgment if the pleadings, affidavits, and depositions establish that there is "'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Value Logic, LLC*, 194 Wn. App. at 913 (quoting CR 56(c)).

B.      Legal Principles of the Doctrine of Account Stated

The doctrine of account stated applies when both the debtor and creditor agree that a specific sum is the amount due. *Discover Bank v. Bridges*, 154 Wn. App. 722, 728 n.4, 226 P.3d 191 (2010). Payment of a statement can also establish an account stated if paired with a failure "to objectively manifest either protest or an intent to negotiate the sum at some future time." *Sunnyside Valley Irrigation Dist. v. Roza Irrigation Dist.*, 124 Wn.2d 312, 316 n.1, 877 P.2d 1283 (1994).

A party may challenge an account stated by showing their assent was induced by fraud or mistake. *Associated Petroleum Prod., Inc. v. Nw. Cascade, Inc.*, 149 Wn. App. 429, 437, 203 P.3d 1077 (2009). Fraud occurs when a party "conceals a material fact that it has a duty to disclose to the other party." *Id*. Similarly, a unilateral mistake entitles a party to challenge an account stated if the other party engaged in fraud. *Id*.

5

We conclude that the trial court erred in ruling that the account stated defense was inapplicable here. The facts presented at summary judgment unquestionably establish that Cascade provided SSRP with a statement of account and that SSRP paid the account without objectively manifesting protest or an intent to negotiate. SSRP received the final payoff figure prior to signing the escrow documents. Even though the payoff amount exceeded the sum SSRP expected, it signed the escrow papers. Prior to signing, SSRP failed to protest the payoff amount or indicate to Cascade its intent to negotiate. Indeed, SSRP signed the documents after it expressly "READ, REVIEWED AND APPROVED" the payoff demand. CP at 13. After a few days had passed, SSRP finally wrote to Cascade to challenge the payoff amount and request a refund. Under *Sunnyside Valley Irrigation District*, SSRP's decisions to sign the escrow documents without protest constitutes an account stated. 124 Wn.2d at 316-17. Further, SSRP failed to allege fraud or mistake that would entitle it to later challenge the account stated. The trial court erred in granting partial summary judgment to SSRP, because the account was settled by SSRP signing the escrow documents and tendering payment to Cascade without protest. Accordingly, we remand to the trial court to enter judgment in Cascade's favor.

Because we conclude the parties' conduct satisfies the doctrine of account stated, we do not reach Cascade's or SSRP's other bases for appeal, including the issue of attorney fees. We do however address the trial court's CPA ruling.

II.    CONSUMER PROTECTION ACT

We address the CPA claim in the interest of clarifying that a successful account stated defense, while foreclosing the CPA claim on the facts of this case, may not always yield that result. That is, a CPA claim may well succeed in the face of a successful account stated defense in the appropriate factual scenario.

6

54462-8-II

Cascade argues that the trial court erred when it found Cascade had violated the CPA. It asserts that its payoff demand was not deceptive, SSRP was not deceived by it, and that if it was, the transaction is unique to Cascade and SSRP and therefore was unlikely to deceive a substantial portion of the public. We agree the trial court erred in ruling Cascade violated the CPA, but we only address the first element of the CPA claim. We conclude that, on these facts, SSRP does not meet the first element of a CPA claim.

We review conclusions of law de novo and findings of fact for substantial evidence. *Conway Constr. Co. v. City of Puyallup*, 197 Wn.2d 825, 830, 490 P.3d 221 (2021). Substantial evidence exists when there is "a sufficient quantum of evidence in the record to persuade a reasonable person that a finding of fact is true." *Id.* (quoting *Pardee v. Jolly*, 163 Wn.2d 558, 566, 182 P.3d 967 (2008)).

"The [CPA] declares unlawful unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Behnke v. Ahrens*, 172 Wn. App. 281, 290, 294 P.3d 729 (2012). "To prevail in a private [CPA] claim, the plaintiff must prove (1) an unfair or deceptive act or practice (2) occurring in trade or commerce (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation." *Id.*

To prove that an act was deceptive, a plaintiff must show that it had the "'capacity to deceive a substantial portion of the public.'" *Id.* (emphasis omitted) (quoting *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 785, 719 P.2d 531 (1986)). "Whether a deceptive act has the capacity to deceive a substantial portion of the public is a question of fact." *Ahrens*, 172 Wn. App. at 292. Here, SSRP accepted the payoff demand, even confirming by signature that the demand was "READ, REVIEWED AND APPROVED." CP at 13. SSRP accepted the amount without objection. On the facts of this case, where there was no fraudulent

7

54462-8-II

or coercive conduct on the part of Cascade, we are hard pressed to simultaneously conclude that there was an unfair or deceptive act or practice. Accordingly, SSRP cannot satisfy the first of the required elements of a CPA claim. *See id.* The claim fails.

## CONCLUSION

We conclude that as a matter of law the parties' conduct satisfies the doctrine of account stated and that Cascade was entitled to judgment as a matter of law. Therefore, we reverse and remand to the trial court to enter judgment in Cascade's favor.

_____
Veljacic, J.

We concur:

_____
Worswick, J.

_____
Glasgow, A.C.J.

8